Robert O. SMITH, Plaintiff-Appellant,

v.

Alan CHARNES, Executive Director, Department of Revenue, State of Colorado; the Motor Vehicle Division, State of Colorado; and Barbara Stafford, Hearing Officer, Defendants-Appellees.

No. 85SA42.

Supreme Court of Colorado, En Banc.

Dec. 2, 1986.

John S. Tatum, Leonard M. Chesler, The Law Firm of Leonard M. Chesler, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Anthony S. Trumbly, Asst. Atty. Gen., Denver, for defendants-appellees.

DUBOFSKY, Justice.

The plaintiff, Robert O. Smith, appeals from a judgment of the Jefferson County District Court affirming the revocation of his driver's license by the Department of Revenue, Motor Vehicles Division (department) under section 42-2-122.1, 17 C.R.S. (1984).[1] The plaintiff argues that insufficient evidence that he drove a vehicle within the meaning of section 42-2-122.1 was presented at the administrative hearing before the department, that section 42-2-122.1 is unconstitutionally vague, and that holding the license revocation hearing while related criminal proceedings were pending abridged his right to due process and his privilege against self-incrimination. We affirm the judgment of the district court.

On February 29, 1984, an officer of the Wheatridge Police Department was advised that there was a vehicle stopped on an Interstate 70 off-ramp. At 2:33 a.m., the police officer found the vehicle parked with its motor running and lights on. The plaintiff was behind the wheel of the vehicle, either unconscious or asleep. The officer asked the plaintiff several times to leave the vehicle and, when the plaintiff reached for the gearshift lever, the officer reached in the vehicle and turned off the ignition. After the officer assisted the plaintiff in leaving the vehicle, the plaintiff clung to the door, then staggered and fell against the rear of the vehicle. When asked by the officer if he would be willing to perform roadside sobriety maneuvers, the plaintiff responded, "No, I'm guilty." The officer detected the odor of an alcoholic beverage on the plaintiff's breath and noticed that his eyes were bloodshot and speech was slurred. The officer then arrested the plaintiff.

The plaintiff agreed to submit to a breath test. At 3:14 a.m., the arresting officer, a certified intoxilyzer machine operator, administered the test, which indicated that the plaintiff had a breath alcohol content of .225 grams of alcohol per two hundred ten liters of breath. The arresting officer issued the plaintiff a notice of revocation or denial of his driver's license under section 42-2-122.1.

At the plaintiff's request, the revocation was reviewed at an administrative hearing on May 2, 1984. The plaintiff objected to the timing of the hearing because criminal charges based on the February 29th incident were pending in Jefferson County Court. The hearing officer refused to reschedule the hearing, noting the statutory requirement that a hearing concerning license revocation be held within 60 days after the hearing is requested.

The arresting officer testified at the hearing, and the results of the intoxilyzer test were admitted. The plaintiff, asserting his privilege against self-incrimination, declined to testify or to present any evidence. In closing argument, counsel for the plaintiff asserted that there was insufficient evidence that the plaintiff drove a vehicle or that the intoxilyzer test had been administered within one hour of the alleged offense as required by section 42-2-122.1. The hearing officer ruled against the plaintiff, finding that at the time the plaintiff was first contacted by the arresting officer, the plaintiff was obstructing traffic, and that the intoxilyzer test was administered within one hour of that alleged offense. The hearing officer ordered the plaintiff's license revoked for one year.

1. The plaintiff filed a notice of appeal of the district court's decision with this court because he questions the constitutionality of section 42- 2-122.1, 17 C.R.S. (1984). See §§ 13-4-102 and 13-4-110, 6 C.R.S. (1973).

On May 4, 1984, the plaintiff filed a complaint in the district court seeking judicial review of the revocation. He reasserted his arguments about the sufficiency of the evidence and the timing of the hearing, and, in addition, argued that section 42-2-122.1 is unconstitutionally vague. The district court affirmed the order of revocation, and the plaintiff appealed to this court.

## I.

Section 42-2-122.1, 17 C.R.S. (1984), provides in relevant part:

(1)(a) The department shall revoke the license of any person upon its determination that the person:

(I) Drove a vehicle in this state when the amount of alcohol in such person's blood was 0.15 or more grams of alcohol per hundred milliliters of blood or 0.15 or more grams of alcohol per two hundred ten liters of breath at the time of the commission of the alleged offense or within one hour thereafter, as shown by chemical analysis of such person's blood or breath, ...

The plaintiff argues that the statute is void for vagueness because it fails to give adequate notice of the conduct that it proscribes. Specifically, he asserts that the average person has no way of knowing when one has reached the statutory limit of .15 grams of alcohol per hundred milliliters of blood or per two hundred ten liters of breath and therefore has no reasonable way of conforming conduct to avoid a violation of the statute.

■ A statute that forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess as to its meaning and differ as to its application violates the due process clauses of the fifth amendment to the United States Constitution and article II, section 25 of the Colorado Constitution. *Connally v. General Construction Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *People v. Schoondermark,* 699 P.2d 411

(Colo.1985); *People v. Enea,* 665 P.2d 1026 (Colo.1983). Conversely, a statute satisfies the requirements of due process when it provides fair notice of the conduct that has been determined to be unlawful. *People v. Franklin,* 683 P.2d 775 (Colo.1984); *People v. Rostad,* 669 P.2d 126 (Colo.1983); *People v. Boyd,* 642 P.2d 1 (Colo.1982).

Numerous courts in other jurisdictions have rejected claims that statutes proscribing driving with a blood alcohol content in excess of a set limit are violative of due process. *See, e.g., Van Brunt v. State,* 646 P.2d 872 (Alaska App.1982); *Fuenning v. Superior Court,* 139 Ariz. 590, 680 P.2d 121 (1983); *Burg v. Municipal Court,* 35 Cal.3d 257, 198 Cal.Rptr. 145, 673 P.2d 732 (1983), *cert. denied* 466 U.S. 967, 104 S.Ct. 2337, 80 L.Ed.2d 812 (1984); *State v. Rose,* 312 N.C. 441, 323 S.E.2d 339 (1984); *State v. Tanner,* 15 Ohio St.3d 1, 472 N.E.2d 689 (1984); *Commonwealth v. Mikulan,* 504 Pa. 244, 470 A.2d 1339 (1983); *Greaves v. State,* 528 P.2d 805 (Utah 1974); *State v. Franco,* 96 Wash.2d 816, 639 P.2d 1320 (1982); *State v. Muehlenberg,* 118 Wis.2d 502, 347 N.W.2d 914 (App.1984). At issue in *Burg,* for example, was a provision of the California Vehicle Code prohibiting driving a vehicle while having .10 per cent or more, by weight, of alcohol in one's body. Responding to the defendant's contention that the provision was unconstitutionally vague, the California Supreme Court stated, "The very fact that he has consumed a quantity of alcohol should notify a person of ordinary intelligence that he is in jeopardy of violating the statute." 198 Cal.Rptr. at 153, 673 P.2d at 741. Under similar circumstances, the Arizona Supreme Court in *Fuenning,* 680 P.2d at 129, stated, "Those who drink a substantial amount of alcohol within a relatively short period of time are given clear warning that to avoid possible criminal behavior they must refrain from driving."

■ The plaintiff suggests no reason why we should decline to follow the rationale of the cases cited, other than his asser-

tion that it is impossible for the average person to determine exactly the amount of alcohol the person may consume before exceeding a specified blood or breath alcohol content level. However, as the *Burg* court pointed out, there is an abundance of information available that illustrates the amount of different alcoholic beverages that an individual might consume before reaching a specific blood alcohol content level. 198 Cal.Rptr. at 154, 673 P.2d at 742.[2] Considering the availability of such information and the fact that the consequences of statutes like section 42–2–122.1 can be avoided by the exercise of reasonable moderation, we conclude that section 42–2–122.1 provides sufficient notice of the conduct that has been determined to be unlawful to meet the requirements of due process.

## II.

The plaintiff next contends that the timing of the administrative hearing violated both his constitutional right to due process and his privilege against self-incrimination guaranteed by the fifth amendment to the United States Constitution and article II, section 18 of the Colorado Constitution. First, he suggests that due process prohibits holding an administrative hearing where the hearing involves the same issue underlying pending criminal proceedings. However, we previously have recognized that there is no right to a continuance of administrative proceedings pending the outcome of parallel criminal proceedings. *Rosenberg v. Board of Education of School District No. 1,* 710 P.2d 1095, 1100 n. 11 (Colo. 1985). *See also People ex rel. Heckers v. District Court,* 170 Colo. 533, 463 P.2d 310 (1970).

■ Second, the plaintiff argues that the timing of the administrative hearing infringed upon his constitutional privilege against self-incrimination by forcing him to choose whether to exercise the privilege,

and thereby forego the opportunity to rebut unfavorable evidence at the hearing, or to forego the privilege, thereby possibly providing evidence that might be used against him in subsequent criminal proceedings. This argument misperceives the privilege against self-incrimination. The privilege protects a person in administrative, civil, or criminal proceedings from being compelled to give testimony that directly or indirectly might incriminate him in criminal proceedings. *People v. Fisher,* 657 P.2d 922 (Colo.1983). The privilege does not guarantee a person who declines to exercise the privilege and testifies that the testimony may not be used against him in subsequent proceedings. Where, as here, a decision to stand on the privilege has been respected, and where there is no indication that the exercise of the privilege itself has been held against the person, *cf. Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976), the dilemma faced by the plaintiff because of the timing of the administrative hearing is not of constitutional significance. *See Wimmer v. Lehman,* 705 F.2d 1402 (4th Cir.), *cert. denied* 464 U.S. 992, 104 S.Ct. 484, 78 L.Ed.2d 681 (1983); *Hoover v. Knight,* 678 F.2d 578 (5th Cir.1982); *Diebold v. Civil Service Commission,* 611 F.2d 697 (8th Cir.1979); *United States v. Rilliet,* 595 F.2d 1138 (9th Cir.1979).

■ The plaintiff also asserts that the hearing officer abused her discretion in refusing to reschedule the revocation hearing until the criminal proceedings were completed. Section 42–2–122.1(7)(e), however, requires revocation hearings to be held "as soon as possible, but in no event later than 60 days after the filing of a request for a hearing." On March 5, 1984, the plaintiff requested a hearing. The only mention by the plaintiff of scheduled criminal proceedings concerned a court date on May 18, 1984. This date was outside the statutory 60–day limit for holding the revocation hearing. Thus, even assuming that

---

**2.** *See, e.g., Colorado Driver's Manual* at 55–56 (1984 rev.).

the hearing officer might have had discretion to schedule the revocation hearing for any time within the 60–day period, she had no discretion to accommodate the plaintiff by scheduling the hearing after his court date and properly denied the plaintiff's request for a continuance.

## III.

The plaintiff contends that the evidence presented at the administrative hearing was insufficient to establish that he violated section 42–2–122.1 by driving a vehicle while having a blood or breath alcohol content in excess of the statutory limit as determined by chemical analysis of his blood or breath within one hour of the alleged offense. *Brewer v. Motor Vehicle Division*, 720 P.2d 564 (Colo.1986), resolves this issue. The plaintiff in *Brewer* was found asleep behind the wheel of his car which was parked in the middle of a street with the engine running and lights on. An intoxilyzer test administered within one hour of the time the plaintiff was found indicated an alcohol content of .178 grams per 210 liters of the plaintiff's breath. We held that the plaintiff, when first found by the arresting officer, was in actual physical control of his vehicle and that proof of actual physical control was sufficient to establish that he drove a vehicle within the meaning of section 42–2–122.1.[3] We also held that because the intoxilyzer test was administered within one hour of the time when the police officer found the plaintiff, the test was administered "within one hour of the alleged offense" as required by the statute.

 The circumstances here in which the plaintiff was discovered asleep or unconscious behind the wheel of a vehicle

stopped, with engine running and lights on, on a public highway,[4] are indistinguishable from the circumstances in *Brewer*. Although it may be, as the plaintiff asserts, that the hearing officer miscast the "alleged offense" referred to in section 42–2–122.1 as obstructing traffic, the hearing officer also determined that the plaintiff, when found by the arresting officer, was in control of his vehicle. The hearing officer further determined that the intoxilyzer test was administered within one hour after the police officer first found the plaintiff. These findings, which are supported by the evidence, are a sufficient basis for the revocation of the plaintiff's license under section 42–2–122.1.

The judgment of the district court is affirmed.

---

**3.** In so holding, we relied on the definition of "driver" in section 42–1–102(22), 17 C.R.S. (1984), as "every person ... who drives or is in actual physical control of a motor vehicle upon a highway."

**4.** Section 42–1–102(33), 17 C.R.S. (1984), defines "highway" as "the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel or the entire width of every way declared to be a public highway by any law of this state."