Robert PEREZ, Plaintiff–Appellee,

v.

The DEPARTMENT OF REVENUE of the State of Colorado, MOTOR VE-HICLE DIVISION, Defendant–Appellant.

No. 88CA0963.

Colorado Court of Appeals, Div. IV.

July 27, 1989.

No appearance for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Joe L. Martinez, Jr., Asst. Atty. Gen., Denver, for defendant-appellant.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

REED, Judge.

The Department of Revenue (Department) appeals from the district court judgment reversing its revocation of the driver's license of plaintiff, Robert Perez. The sole issue on appeal is whether the revocation hearing was timely held under the provisions of the statute. We conclude that it was timely held and, therefore, reverse.

Following his arrest for driving under the influence of alcohol on October 28, 1987, plaintiff submitted to a breath test to determine his blood alcohol content. Based on the breath test results, the arresting officer served a notice of revocation on plaintiff. On October 29, 1987, plaintiff filed a timely request for an administrative revocation hearing with the Department. *See* § 42–2–122.1(7)(a) and (b), C.R.S. (1984 Repl.Vol. 17).

Colo.Sess.Laws 1983, ch. 476, § 42–2–122.1(7)(e) at 1644, as then in effect, provided in pertinent part that:

"The hearing shall be scheduled as soon as possible, but in no event later than sixty days after the filing of the request for a hearing."

*Cf.* § 42–2–122.1(7)(e), C.R.S. (1988 Cum. Supp.) ("not more than sixty days after the filing").

The hearing was held as scheduled on December 28, 1987. At the beginning of the hearing, plaintiff objected to proceeding with the hearing on the grounds that it was untimely, in that, according to plaintiff's calculations, December 28 was the sixty-first day from the date of filing of the request for a hearing. According to the hearing officer's calculations, however, December 28 was the sixtieth day, and the hearing officer therefore concluded that the hearing was timely. At the conclusion of the hearing, the hearing officer revoked plaintiff's driver's license, based on a preponderance of the evidence received at the hearing.

On review, the district court reversed the revocation, ruling that the Department lacked jurisdiction to hear the matter because the hearing was held sixty-one days after the request for a hearing was made.

The Department contends that the district court erred in its computation of time, and that the revocation hearing was timely held on the sixtieth day after the filing of the request for a hearing. We agree with the Department.

The district court's reliance on *Ellis v. Charnes*, 722 P.2d 436 (Colo.App.1986) in support of its method of computation is misplaced. In *Ellis*, we held that the sixty-day time limit for a revocation hearing begins to run at the time the Department receives the written request. The method of computation of the sixty-day time period, however, was not addressed in that opinion.

Although this sixty-day period "begins to run" at the time the request for a hearing is received, we now hold that the date of filing, *i.e.*, the date of its receipt, is not included for purposes of computing the sixty-day period. *See* § 2–4–108(1), C.R.S. (1980 Repl.Vol. 1B). Hence, December 28th was the sixtieth day of the statutory period.

In addition, we note that if the sixtieth day falls on a Saturday, Sunday, or legal holiday, the sixty-day period is automatically extended to the end of the next business day. *See* § 2–4–108(2), C.R.S. (1980 Repl.Vol. 1B). We take judicial notice that December 27, 1987, was a Sunday, and thus, even if it had been the sixtieth day, the hearing could have been properly held on December 28.

Accordingly, the hearing officer properly concluded that the revocation hearing was timely held, and the district court erred in ruling to the contrary.

The judgment is reversed and the cause is remanded to the district court with directions to reinstate the order of revocation.

SMITH and DUBOFSKY, JJ., concur.