**Jerome WILSON, Plaintiff–Appellant,**

**v.**

**Nelson HILL and Department of Revenue of the State of Colorado, Motor Vehicle Division, Defendants–Appellees.**

**No. 88CA1065.**

Colorado Court of Appeals,
Div. IV.

Oct. 12, 1989.

Joseph A. Koncilja, Pueblo, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Joe L. Martinez, Jr., Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Judge FISCHBACH.

Plaintiff, Jerome Wilson, appeals from the district court judgment affirming the revocation of his driver's license by the Department of Revenue (Department) pursuant to § 42–2–122.1, C.R.S. (1984 Repl. Vol. 17). The sole issue on appeal is whether the revocation was improper because of an untimely administrative hearing. We conclude that the revocation hearing was not timely held and that this statutory violation requires dismissal of the proceeding. Accordingly, we reverse.

Following his arrest for driving under the influence of alcohol on October 17, 1987, plaintiff submitted to a breath test to determine his blood alcohol content. Based on the breath test results, the arresting officer served a notice of revocation on plaintiff, and on October 23, 1987, plaintiff

filed a timely request for a hearing with the Department. *See* § 42–2–122.1(7)(b), C.R.S. (1984 Repl.Vol. 17). The Department subsequently sent plaintiff notice that the hearing would be held on December 14, 1987.

On December 14, 1987, plaintiff, his attorney, and the arresting officer all appeared for the scheduled hearing, but because of a personal problem, the hearing officer rescheduled it for December 24, 1987. On December 24, 1987, plaintiff, relying upon Colo.Sess.Laws 1983, ch. 476, § 42–2–122.1(7)(e) at 1644, objected to proceeding with the hearing on the ground that it was then more than sixty days after the filing of the request. The hearing officer rejected this argument, and the hearing was held on that day. At the conclusion of the hearing, the hearing officer revoked plaintiff's driver's license.

■ On review, the district court affirmed the revocation, ruling that a hearing under § 42–2–122.1 must be scheduled, but not necessarily held, within sixty days after the filing of a request. Plaintiff contends, however, that a revocation hearing under § 42–2–122.1 must actually be held within sixty days after the request for a hearing is filed. We agree.

Colo.Sess.Laws 1983, ch. 476, § 42–2–122.1(7)(c) at 1644, as then in effect, provided in pertinent part that:

> "the hearing shall be scheduled as soon as possible, but in no event later than sixty days after the filing of the request for a hearing."

*Cf.* § 42–2–122.1(7)(e), C.R.S. (1989 Cum. Supp.) ("[t]he hearing shall be scheduled to be held as quickly as practicable but not more than sixty days after the filing of the request for a hearing....")

We hold first that the plain meaning of these provisions is that a revocation hearing conducted under the statute applicable here must be held not more than sixty days after the filing of the request for a hearing. *See Mattingly v. Charnes,* 700 P.2d 927 (Colo.App.1985); *cf. Perez v. Department of Revenue,* 778 P.2d 326 (Colo.App. 1989).

■ We further conclude that the Department's failure to hold the required hearing requires dismissal of the action against plaintiff.

■ Statutory provisions governing time for actions to be taken by public officials and agencies are not jurisdictional unless a contrary legislative intent is clearly expressed. *People ex rel. Johnson v. Earl,* 42 Colo. 238, 94 P. 294 (1908). If the duty described is of a public nature and for a public benefit, time limitations are directory "unless ... from the language employed in the [s]tatute, it plainly appears that the designation of time was intended as a limitation of power of the officer." *Prince George's County v. McBride,* 268 Md. 522, 302 A.2d 620 (1973). "If [an administrative duty] is to be done at one time and prohibited at any other, such prohibition cannot, without judicial legislation, be disregarded." *Taylor v. Department of Transportation,* 260 N.W.2d 521 (Iowa 1977)

In our opinion, the plain language of the provision here ("*shall* be scheduled ... *in no event later than* sixty days") reflects an unequivocal legislative determination that the sixty-day requirement is jurisdictional. *See Ursino v. Superior Court,* 39 Cal.App.3d 611, 114 Cal.Rptr. 404 (1974) ("The use of the word 'shall' in conjunction with the phrase 'not later than' is clearly indicative of a mandatory declaration.")

We find additional support for this interpretation from the 1989 amendments to the statute which created a mechanism to allow rescheduling of hearings past the sixty days because of the unavailability of a police officer. Section 42–2–122.1(8)(c)(II), C.R.S. (1989 Cum.Supp) now provides: "If the law enforcement officer cannot appear ... and ... gives notice ... prior to the dismissal of the revocation proceeding, the department shall reschedule the hearing ... at the earliest possible time when the officer and the hearing officer will be available, notwithstanding the sixty-day requirement in paragraph (c) of subsection (7) of this section ..." We read that amendment to reflect the intent of the General Assembly, in the version of the provision at issue

here, to require dismissal if the sixty-day requirement was not met.

Accordingly, the judgment is reversed, and the cause is remanded with instructions to the trial court to dismiss the revocation action.

TURSI and DUBOFSKY, JJ., concur.