**Kimberly Eugene KRESS, Plaintiff–Appellant,**

v.

**DEPARTMENT OF REVENUE OF the STATE OF COLORADO, MOTOR VEHICLE DIVISION, Defendant–Appellee.**

**No. 91CA0513.**

Colorado Court of Appeals, Div. V.

June 18, 1992.

Sonheim, Helm & Less, Phillip A. Less, Arvada, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Joseph Haughain, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge ENOCH [*].

Plaintiff, Kimberly Eugene Kress, appeals from the district court judgment affirming the revocation of his driver's license by the Department of Revenue (Department). We reverse.

Following an administrative hearing stemming from an incident in February 1990, the Department revoked plaintiff's driver's license pursuant to § 42–2–122.1, C.R.S. (1984 Repl.Vol. 17), as amended, for driving with an excessive blood alcohol content, as shown by the results of a blood test. On review, the district court affirmed the revocation, and this appeal followed.

Plaintiff contends that the revocation was improperly ordered because the Department did not give him written notice of certain of his statutory rights pertaining to the hearing, as required by the 1989 amendments to § 42–2–122.1. We agree.

Under the pertinent 1989 amendments to § 42–2–122.1, police officers are no longer automatically required to appear and testify at revocation hearings, and if a licensee does not take action to require the police officer's presence at the hearing, the revocation hearing may be conducted solely on the basis of documentary evidence previously submitted by the police officer. *See* §§ 42–2–122.1(7)(f) & 42–2–122.1(8)(c)(II), C.R.S. (1991 Cum.Supp.). Corresponding to this change, the statute now also requires the Department to give a licensee written notice of certain statutory rights at the time the licensee requests a hearing.

Specifically, § 42–2–122.1(8)(c)(II), C.R.S. (1991 Cum.Supp.), as amended in 1989 and applicable here, provides, in pertinent part, that:

At the time that a respondent requests a hearing, *written notice shall be given to the respondent* advising him of his right to subpoena the law enforcement officer for the hearing, that such subpoena must be served upon the officer at least five days before the day of the hearing, and of his right, at the time that he requests the hearing, to notify the department in writing that he desires the officer's presence at the hearing, and that, upon such notification, the department shall issue a written notice for the officer to appear at the hearing. *The written notice shall* also state that, if the law enforcement officer does not appear at the hearing, documents and an affidavit prepared and submitted by the law enforcement officer will be used at the hearing. *The written*

[*] Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

*notice shall* further state that the affidavit and documents submitted by the law enforcement officer may be reviewed by the respondent prior to the hearing. (emphasis added).

Here, plaintiff testified at the revocation hearing that the Department did not give him the required written notice of any of the foregoing statutory rights at the time he requested the hearing. Nevertheless, over plaintiff's objection, the revocation hearing was conducted as scheduled in the absence of the police officer who submitted the required documentary evidence to the Department, and the hearing officer ordered the revocation at the end of that hearing.

■ As noted by the hearing officer, plaintiff signed a statement at the top of his written request for a hearing indicating that "written notice of rights issued." However, contrary to the hearing officer's ruling, that statement does not itself evidence compliance by the Department with the foregoing statutory requirements, and no written notice specifically advising plaintiff of his statutory rights in compliance with those requirements is contained in the record. Similarly, the record fails to contain any other evidence to explain what, if any, information was furnished to plaintiff at the time he signed the hearing request form.

Thus, the record does not establish that the Department complied with the mandate of the statute to give plaintiff written notice of his statutory rights pertaining to the hearing.

■ We further conclude that, under the applicable statutory scheme, without the Department's compliance with these statutory notification requirements, the Department is not authorized to conduct a revocation hearing in the absence of an appearance by the police officer who previously submitted the documentary evidence to it. *See* §§ 42–2–122.1(7)(f) & 42–2–122.1(8)(c)(II), C.R.S. (1991 Cum.Supp.); *see also Wilson v. Hill,* 782 P.2d 874 (Colo. App.1989) (Department lacks jurisdiction to hold revocation hearing beyond 60–day time limit set forth in § 42–2–122.1).

Consequently, the Department was not authorized to proceed with the revocation hearing conducted in this case, and therefore, the revocation order which followed cannot be sustained.

In light of this disposition of the issues, we need not address the remaining contentions of the parties.

Accordingly, the district court judgment is reversed, and the cause is remanded with directions to set aside the order of revocation.

NEY and RULAND, JJ., concur.