Pete Cymon DiMARCO,
Plaintiff–Appellee,

v.

DEPARTMENT OF REVENUE of the State of Colorado, MOTOR VEHICLE DIVISION, Defendant–Appellant.

No. 92CA1111.

Colorado Court of Appeals,
Div. IV.

July 29, 1993.

Thomas D. Silverman, Glenwood Springs, for plaintiff-appellee.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., James F. Clark, Asst. Atty. Gen., Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

The Department of Revenue (Department) appeals from a district court judgment vacating the Department's orders that both suspended and revoked the driver's license of plaintiff, Pete Cymon DiMarco. The central issue presented is whether the 60–day time limit for holding a hearing under § 42–2–123(12), C.R.S. (1992 Cum. Supp.) is jurisdictional. We hold that this time limit is not jurisdictional, and therefore, we reverse the district court's judgment. However, we remand the cause to that court with directions to remand the matter to the Department for a new hearing.

The Department is authorized to revoke the driver's license of anyone whose driving record shows that person to be an habitual traffic offender, as defined in § 42–2–202, C.R.S. (1984 Repl.Vol. 17). Such an offender is one who has sustained multiple convictions of certain specified traffic offenses. Section 42–2–203, C.R.S. (1984 Repl.Vol. 17). The Department is also authorized to suspend the driver's license of anyone whose driving record shows that person to have accumulated an excessive number of points, which are assessed on the basis of convictions of various traffic violations. Section 42–2–123, C.R.S. (1984 Repl.Vol. 17).

Prior to any revocation or suspension of a driver's license, both statutes require the Department to follow the hearing procedures set forth in §§ 42–2–123(7) to 42–2–123(12), C.R.S. (1984 Repl.Vol. 17). Sections 42–2–203 and 42–2–123(1)(d), C.R.S. (1984 Repl.Vol. 17).

Under these hearing procedures, whenever the Department's records show that a license is subject to revocation or suspension, the Department is required to schedule a hearing to consider the issue and to send written notice of the hearing to the licensee. Section 42–2–123(8), C.R.S. (1984 Repl.Vol. 17).

If the licensee fails to appear at the scheduled hearing, the Department must immediately enter an order of revocation or suspension, but that order is not effective until twenty days after the licensee is notified of such action. This notification must contain an advisement that the licensee may apply for another hearing within that 20–day period. If the licensee timely applies for such a hearing, the effective date of the order is suspended, and the issues presented must be determined at a new hearing in the same manner as if the licensee had originally appeared in response to the first notice. Section 42–2–123(12), C.R.S. (1992 Cum.Supp.).

Section 42–2–123(12) further requires that, if the licensee applies for a second hearing under these circumstances, "[s]uch hearing *shall* be held within sixty days after application is made." (emphasis supplied)

Here, the Department sent plaintiff two notices in March 1991 of a hearing to determine whether his driver's license should be revoked for being an habitual offender or suspended for an accumulation of excessive points. Upon plaintiff's failure to appear at this hearing, the Department entered orders of revocation and suspension and sent plaintiff notices of these actions and of his right to apply for another hearing.

Plaintiff timely applied for such a hearing in May 1991. However, the Department scheduled the requested hearing for a date in July 1991 that was some 64 days after plaintiff made his request for that hearing.

The record of the proceedings at the July hearing is not available because the Department destroyed it. Nevertheless, it is agreed that plaintiff appeared at this hearing and objected to the proceeding because of the failure of the Department to comply with the statutory time limit. It is also agreed that the hearing was cancelled. Thereafter, however, the Department sent plaintiff new notices of a further hearing on the same issues to be held the following month, less than 60 days after these notices were issued.

At this second scheduled hearing, plaintiff again asserted that the hearing date was beyond the statutory 60–day time limit and that the Department had, therefore, lost jurisdiction to proceed. The hearing officer rejected this argument, ruling that any deficiency in the first notice of hearing had been corrected by the Department's cancellation of the previous hearing and the issuance of the new notices. Thereupon, the hearing officer entered an order of revocation of plaintiff's driver's license for being an habitual offender and also entered an order of suspension for excessive points.

On review, the district court, relying on *Wilson v. Hill*, 782 P.2d 874 (Colo.App. 1989), determined that these orders were void as being in excess of the Department's jurisdiction.

### I.

On appeal, the Department contends that the district court erred in holding that the 60–day time limit under § 42–2–123(12) is jurisdictional. We agree.

We initially note that plaintiff does not assert that he was in any manner prejudiced by the scheduling of the initial hearing date some 64 days, rather than within 60 days, after he made a request for such hearing, or that his procedural due process rights were in some manner implicated by the tardy scheduling of that hearing. Hence, the sole issue presented here is whether the statutory requirement to schedule a hearing within 60 days of the request for such a hearing is, on its face, jurisdictionally mandatory or simply directory.

We also note that, contrary to the Department's procedure here, there is nothing in § 42–2–123 that will permit the Department to correct a failure to comply with the 60–day requirement by simply restarting the proceeding anew. Therefore, if the Department's initial failure to schedule a hearing within 60 days of plaintiff's application for a hearing is jurisdictional, the Department could not reinvest itself with jurisdiction by reissuing the notice of hearing. However, we conclude that the pertinent statutory time limit here is, on its face, directory and that the statute does not create a mandatory requirement which, if not met, will deprive the Department of all jurisdiction to act.

■ There is "no universal rule by which directory provisions may, under all conditions, be distinguished from those which are mandatory. The intention of the legislature, however, should be controlling." *Danielson v. Castle Meadows, Inc.*, 791 P.2d 1106, 1113 (Colo.1990).

■ Whether the General Assembly intends a statutory provision to be directory

or jurisdictional requires consideration of "the legislative history, the language of the statute, its subject matter, the importance of its provisions, their relation to the general object intended to be accomplished by the act, and, finally, whether or not there is a public or private right involved." *Application of Rosewell*, 97 Ill.2d 434, 440, 73 Ill.Dec. 748, 750, 454 N.E.2d 997, 999 (1983). Consideration of these subjects convinces us that the provision at issue was intended by the General Assembly to be directory, and not mandatory.

■ The factor which most heavily weighs in favor of a mandatory construction is the use of the word "shall" in the provision at issue. Unless the context indicates otherwise, the word "shall" generally indicates that the General Assembly intended the provision to be mandatory. *People v. District Court*, 713 P.2d 918 (Colo.1986); *Sperry Rand Corp. v. Board of County Commissioners*, 31 Colo.App. 444, 503 P.2d 356 (1972).

■ However, as our supreme court stated in *Danielson, supra*, at 1113: "No formalistic rule of grammar or word form should stand in the way of carrying out the legislative intent."

Applying this principle, our appellate courts have generally construed time limitations imposed on public bodies as being directory rather than mandatory, unless the General Assembly has clearly evidenced a contrary intent. *See People ex rel. Johnson v. Earl*, 42 Colo. 238, 94 P. 294 (1908); *Shaball v. State Compensation Insurance Authority*, 799 P.2d 399 (Colo.App.1990).

■ Further, negative language, like "or not at all" or "in no event later than," suggests a mandatory construction, while affirmative language, such as that used here, "shall be held within," is more indicative of a directory construction. *See Burns v. Board of Assessment Appeals,* 820 P.2d 1175 (Colo.App.1991) (requirement that Board of Assessment Appeals must render ruling "within" 30 days is directory); *see also Taylor v. Department of Transportation*, 260 N.W.2d 521 (Iowa 1977) (requirement that driver's license revocation hearing must be held "within" 20 days is directory). *Cf. Mahaffey v. Barnhill*, 855 P.2d 847 (Colo.1993) (failure of court to set trial date "not more than twenty days" after issue is joined under § 31–10–1305, C.R.S. (1986 Repl.Vol. 12B) does not oust court of jurisdiction).

■ Finally, construing the pertinent time limitation to be mandatory would divest the Department of jurisdiction to suspend or revoke any license if that limitation were violated, even if no prejudice was occasioned by such violation. However, absent explicit language revealing such, we decline to assume that the General Assembly intended that an agency's procedural mistake should defeat the prime objective of a statute. *See State v. R.R.E.*, 162 Wis.2d 698, 470 N.W.2d 283 (1991) (provision that "hearing shall be held on the petition within 30 days" is simply directory in absence of explicit indication that the overriding purpose of statute is to be frustrated whenever the time limit is not observed).

The opinion in *Wilson v. Hill, supra*, relied upon by the trial court does not mandate a different conclusion. The *Wilson* court held that the 60–day time limit for driver's license revocation hearings under the express consent law contained in § 42–2–122.1(7)(e), C.R.S. (1992 Cum.Supp.) is mandatory and jurisdictional.

However, the procedural requirements governing revocation hearings under that law are markedly different from the procedural requirements governing the procedures under § 42–2–123 that are involved here. *See Bath v. Colorado Department of Revenue*, 758 P.2d 1381 (Colo.1988) (§§ 42–2–122.1 and 42–2–123 do not deal with similarly situated persons, but deal with differing situations by use of differing procedures).

Section 42–2–122.1, the provision at issue in *Wilson*, requires a *de novo* fact-finding proceeding to determine if a driver was driving under the influence of alcohol. Promptness is thus essential because memories may dim and the proceeding generally

involves analysis of a perishable blood or breath sample.

In contrast, the hearing required by § 42–2–123 occurs only *after* the driver has been adjudicated guilty of the requisite number of traffic offenses. These proceedings, therefore, involve no *de novo* fact-finding, as such. It requires the hearing officer only to determine the existence of the requisite previous offenses and their sufficiency under the statutes to warrant suspension or revocation.

Further, under the express consent law, the license of the driver is revoked, either by the law enforcement officer or by the Department, *before* any hearing is held. Sections 42–2–122.1(3) and 42–2–122.1(4), C.R.S. (1992 Cum.Supp.). While a temporary license may be issued if a hearing is requested, § 42–2–122.1(7)(d), C.R.S. (1992 Cum.Supp.), nevertheless, a delay in the resolution of the issue presented could, under such circumstances, cause harm to a driver that would not be experienced under either of the statutes under consideration here.

Presumably for these reasons, § 42–2–123 does not contain the other time requirements respecting the scheduling of the initial hearing that are adopted by § 42–2–122.1. Indeed, under § 42–2–123 there is no time requirement with which the Department must comply in scheduling the original hearing. It is only if the licensee fails to appear at the first hearing, but requests a second hearing, that the 60–day time limit becomes applicable. The omission of an overall time schedule, therefore, suggests that it was not considered essential that proceedings under § 42–2–123 be completed with the same dispatch as is required under § 42–2–122.1.

Finally, language used in § 42–2–122.1, ("[t]he hearing shall be scheduled as soon as possible, *but in no event* later than sixty days after the request for a hearing" (emphasis supplied)) is substantially different than that in § 42–2–123. Such language suggests that the Department's adjudicatory authority is lost if the hearing is delayed. By contrast, § 42–2–123 states its sixty-day limit in positive language only.

■ We conclude, therefore, that, unlike the time limit for hearings under § 42–2–122.1(7)(e), the 60–day time limit in § 42–2–123(12) is not mandatory. Consequently, if, as here, no claim of any actual prejudice resulting from the delay is established, the Department does not lose jurisdiction over the habitual offender revocation proceedings or the points suspension proceedings simply because the requested hearing is scheduled beyond the 60–day period.

## II.

■ The trial court also concluded that the second notices of hearing were insufficient because they did not provide adequate time for plaintiff to obtain the traffic tickets upon which the Department's requested action was based or to confer with counsel in preparation for the hearing. In view of the fact that one of the convictions upon which the suspension and revocation actions were based occurred in a municipal court under a charge entitled "reckless driving," the nature of which may be subject to question, we agree that due process requires a more adequate notice of hearing than that provided here. Hence, while we conclude that the Department did not lose jurisdiction as a result of its delay in scheduling the first hearing, we shall require that the cause be remanded to the Department for a new hearing.

## III.

■ Although plaintiff complains in his brief of the trial court's order staying the effectiveness of its order of vacation pending the Department's appeal, he did not formally protest that order by filing either a notice of appeal under C.A.R. 4 or a motion under C.A.R. 8. Under these circumstances, we do not pass upon plaintiff's claim that the stay order was improperly entered or upon the effect, if any, that the stay order may have upon any future order

of suspension or revocation, should such an order be entered.

The judgment of the district court is reversed, and the cause is remanded to that court with directions to enter an order further remanding the cause to the Department for a new hearing.

PLANK and RULAND, JJ., concur.