Rodney Brett **RULE, Plaintiff–Appellee,**

v.

**DEPARTMENT OF REVENUE OF the STATE OF COLORADO, MOTOR VEHICLE DIVISION, Defendant–Appellant.**

No. 92CA2047.

Colorado Court of Appeals, Division IV.

Jan. 27, 1994.

Kelly R. McCabe, P.C., Kelly R. McCabe, Cortez, for plaintiff-appellee.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Thomas D. Fears, Asst. Atty. Gen., Denver, for defendant-appellant.

Opinion by Judge RULAND.

The Department of Revenue appeals from the district court judgment reversing its revocation of the driver's license of plaintiff, Rodney Brett Rule, pursuant to § 42–2–122.1, C.R.S. (1993 Repl.Vol. 17). The sole issue on appeal is whether the record supports the Department's action in holding the revocation hearing beyond the applicable statutory time limit. We affirm.

In *Wilson v. Hill,* 782 P.2d 874 (Colo.App. 1989), a panel of this court held that the applicable statutory provisions now codified at § 42–2–122.1(7)(e)(I), C.R.S. (1993 Repl. Vol. 17) require the Department to hold a revocation hearing not more than 60 days after the request for such hearing is filed. Scheduling the hearing alone is not sufficient to satisfy the statute.

The *Wilson* court also held that the 60–day time limit was jurisdictional and that the Department's failure to comply with this statutory time limit required the dismissal of a revocation proceeding unless the hearing was rescheduled for a valid reason authorized by §§ 42–2–122.1(7)(e)(I), (III), and (IV), C.R.S. (1993 Repl.Vol. 17).

As pertinent here, § 42–2–122.1(7)(e)(III) authorizes a delayed revocation hearing if a police officer is unavailable:

> *because of* medical reasons, a law enforcement emergency, another court or administrative hearing, or *any other legitimate just cause* as determined by the department.... (emphasis added)

The record in this case reflects that plaintiff filed his request for a hearing with the Department on November 18, 1991. In response, the Department sent plaintiff a notice of hearing on December 19, advising him that the revocation hearing was set for January 15, 1992, and that the arresting officer was also required to appear at the hearing.

The record further reveals only a brief notation in the Department's files by an unknown person indicating that, on January 9, 1992, the arresting officer called and requested rescheduling because "he has to teach school." The Department then rescheduled the revocation hearing for February 12, 1992—a date beyond the 60–day time limit.

Based solely on the notation in the Department's files, the hearing officer rejected

plaintiff's argument that the hearing was by then jurisdictionally untimely and, based on the evidence presented, plaintiff's license was revoked.

On review, the district court set aside the revocation. The court ruled that the Department's record was insufficient to support the delay under the statutory exception for an arresting officer's "unavailability." Contrary to the Department's argument, we find no error in this ruling.

■ As noted by the district court, the statutory exception authorizing a delay for "other legitimate just cause" does not grant the Department "carte blanche" authority to reschedule hearings beyond the 60–day time period for any reason that might be presented by the police officer.

■ Rather, in determining whether a police officer is unavailable, the statutory exception must be strictly construed, and thus, this exception is necessarily limited to situations involving the same degree of urgency or exigency as covered by the other enumerated events. *See* § 42–2–122.1(7)(e)(III); *see also Baulsir v. State*, 702 P.2d 277 (Colo.App. 1985) (strictly construing statutory exceptions authorizing Department to grant untimely requests for hearings by the licensee); *Smith v. Charnes*, 728 P.2d 1287 (Colo.1986) (Department has no discretion to reschedule hearing beyond 60–day limit based upon the fact that licensee has criminal charges pending for driving under the influence).

■ Applying these principles here, we agree with the district court that the bare notation in the record indicating that the arresting officer "had to teach school" is insufficient, without more, to establish the applicability of the statutory exception. The school is not identified, and there is no indication that the teaching assignment is in any manner related to the duties of a police officer, or that the assignment could not be rescheduled.

\* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

Consequently, because the Department lacked subject matter jurisdiction to hold the revocation hearing beyond the applicable 60–day time limit, the district court properly set aside the revocation order. *See* § 42–2–122.-1(9)(b), C.R.S. (1993 Repl.Vol. 17); *Wilson v. Hill, supra; see also Kress v. Department of Revenue*, 834 P.2d 268 (Colo.App.1992).

Accordingly, the judgment is affirmed.

JONES and VAN CISE \*, JJ., concur.