**Cheryl ERBE, Plaintiff–Appellant,**

v.

**COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, HEARING SECTION; and Kenneth Wynkoop, Chief Hearing Officer, Defendants–Appellees.**

**No. 01CA0566.**

Colorado Court of Appeals, Div. II.

June 20, 2002.

§ 24–51–1105, C.R.S.2001.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

Wollrab and Associates, P.C., James C. Wollrab, Jr., Boulder, Colorado, for Plaintiff–Appellant.

Ken Salazar, Attorney General, Ceri Williams, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge PLANK.

Plaintiff, Cheryl Erbe, appeals from the district court judgment affirming the revocation of her driver's license by the Department of Revenue for refusing to submit to testing as required by the express consent statute. Because we conclude that the Department violated plaintiff's statutory right to counsel in the revocation proceedings under the circumstances here, we reverse and remand for a new revocation hearing.

The record reveals the following facts. After plaintiff was arrested for driving under the influence of alcohol, she allegedly refused to submit to the required tests of her blood or breath. Consequently, plaintiff's driver's license was subject to revocation pursuant to the provisions of § 42–2–126, C.R.S.2001.

Plaintiff made a timely request for a revocation hearing on February 3, 2000. On February 17, the Department sent plaintiff a notice that it had scheduled her revocation hearing for 2:30 p.m. on March 13. In a letter dated February 28, plaintiff's counsel requested the Department to reschedule the hearing because of a scheduling conflict, stating that he was scheduled to make a court appearance in another county at 2:00 p.m. on that date.

In response, the Department sent notice of its policy that "reschedule requests based on the unavailability of either the respondent or the respondent's counsel will not be granted." Based on the statutory sixty-day time limit for holding such hearings, the Depart-

ment's "reschedule policy" provides that rescheduling beyond this time period "obviously is not a valid option" because it would result in a loss of jurisdiction. The Department's policy further provides that rescheduling within the sixty-day limit at the request of licensees or their attorneys "is not feasible" because of "docketing pressures."

On advice of counsel, plaintiff did not appear for the scheduled hearing under these circumstances, because she could not have the benefit of legal representation at the hearing by the counsel of her choice as a result of the scheduling conflict. The Department thereafter revoked plaintiff's driver's license pursuant to § 42–2–126.

Plaintiff brought this action in the district court challenging the revocation on various grounds. On judicial review, the district court rejected plaintiff's arguments and affirmed the revocation. This appeal followed.

Plaintiff contends, among other things, that the Department's policy against rescheduling any revocation hearings violates various statutory provisions. We agree with plaintiff that, under the circumstances here, the Department's actions effectively violated her statutory right to counsel of her own choosing at the administrative hearing, and plaintiff is therefore entitled to a new revocation hearing.

The standard governing judicial review of express consent revocation proceedings is set forth in § 42–2–126(10)(b), C.R.S.2001. Under these provisions, a reviewing court may reverse a revocation order when, among other things, the Department has acted in an arbitrary and capricious manner or has made an erroneous interpretation of the law.

Section 42–2–126(1)(b), C.R.S.2001, provides that one purpose of the revocation statute is to "guard against the potential for any erroneous deprivation of driving privilege by providing an opportunity for a full hearing." This statutory scheme is intended to provide for a prompt but fair revocation procedure. See Guynn v. State, 939 P.2d 526 (Colo.App. 1997).

■ Thus, a revocation under § 42–2–126 may be reversed on review if a statutory violation by the Department causes prejudice to the substantial rights of the licensee. See Nye v. Motor Vehicle Div., 902 P.2d 959 (Colo.App.1995).

■ Under § 42–2–126(8)(e), C.R.S.2001, a revocation hearing must be held within sixty days after the request for such a hearing is received. As noted in the Department's rescheduling policy, this statutory sixty-day time limit is jurisdictional. See Guynn v. State, supra; Wilson v. Hill, 782 P.2d 874 (Colo.App.1989). Moreover, although the statute authorizes exceptions to the sixty-day limit under certain circumstances involving the unavailability of a law enforcement officer or hearing officer, the statute provides no exception for the unavailability of a licensee or a licensee's counsel.

Nevertheless, rescheduling requests within the sixty-day limit by a licensee or counsel are clearly authorized and anticipated under the pertinent statutory scheme. By statute, the effective date of a revocation is generally stayed upon a timely request for a hearing until a final order is issued following the hearing. However, § 42–2–126(6)(a), C.R.S. 2001, further provides that the revocation is not stayed during the period of "any delay in the hearing which is caused or requested by the subject person or counsel representing that person."

In addition, § 42–2–126(11), C.R.S.2001, provides that the State Administrative Procedure Act (APA), § 24–4–101, et seq., C.R.S. 2001, is applicable to such revocation proceedings "to the extent it is consistent with" the provisions of the revocation statute relating to administrative hearings and judicial review.

There is a statutory right to counsel of a party's own choosing in administrative proceedings under the APA. In this regard, § 24–4–105(9)(a), C.R.S.2001, provides that any party in such proceedings "shall be entitled to the benefit of legal counsel of his or her own choosing and at his or her own expense." Moreover, in scheduling hearings in APA proceedings, § 24–4–105(2)(a), C.R.S. 2001, provides that "due regard shall be had for the convenience and necessity of the parties and their representatives."

Here, because plaintiff requested a hearing on February 3, the Department was required to hold the hearing by April 3, sixty days later. When on February 28, plaintiff's counsel requested rescheduling of the hearing because of a scheduling conflict, a month remained of the sixty-day time period, including three weeks after the date originally set for the hearing. Even so, pursuant to its policy against rescheduling, the Department refused to attempt to reschedule the hearing for another date within the sixty-day time limit.

■ In our view, the Department's policy of never granting rescheduling requests by a licensee or counsel for alternative dates within the sixty-day limit is arbitrary, capricious, and inconsistent with its statutory obligations to provide a meaningful opportunity for a fair hearing. *See* § 42–2–126(1)(b), (6)(a), (10)(b), (11); *see also* § 24–4–105(2)(a). Further, as this policy was applied under the circumstances here, we conclude that the Department's refusal to attempt to accommodate counsel's rescheduling request effectively violated plaintiff's statutory right to counsel of her own choosing in the revocation proceedings. *See* §§ 42–2–126(10)(b), (11), 24–4–105(9)(a).

Thus, because the revocation here resulted from arbitrary and capricious procedural actions by the Department in violation of plaintiff's substantial rights under the statutory scheme, it cannot stand. Consequently, we vacate the judgment affirming the revocation order and remand for the scheduling of a new revocation hearing in compliance with the Department's procedural obligations under the statutory scheme. *See* § 42–2–126(10)(b); *Barnes v. Colorado Dep't of Revenue*, 23 P.3d 1235 (Colo.App.2000); *see also Nye v. Motor Vehicle Div., supra.*

■ We further note that, under the circumstances here, the statutory sixty-day period will begin to run anew upon the Department's reacquisition of jurisdiction. *See Guynn v. State, supra.*

We also emphasize that we are not holding that the Department must accommodate every request made by a licensee or counsel for rescheduling within the statutory sixty-day limit, regardless of the timing or the basis of such a request. For example, the Department may deny a rescheduling request that is made too late to be accommodated. Another factor for consideration is the extent to which rescheduling would create an undue burden on the Department's docket and its case management. Additionally, there may be other circumstances in which the jurisdictional deadline under § 42–2–126 conflicts with and takes priority over a licensee's statutory rights under the APA.

The deadline does not take priority here, however. There is no support in the record for the Department's bald assertions that it is *never* "feasible" to reschedule hearings within the sixty-day limit because of "docketing pressures." Rather, the reversible error in this case is that the Department refused even to attempt to accommodate counsel's legitimate rescheduling request to the detriment of plaintiff's substantial rights, and there is no indication in the record that rescheduling the hearing within the sixty-day limit would have been impracticable or unduly burdensome.

In view of this disposition of the issues, we need not address the remaining contentions of the parties.

Accordingly, the judgment is reversed, and the case is remanded to the district court with directions to remand the matter to the Department for further proceedings consistent with the views expressed in this opinion.

Judge DAILEY concurs.

Judge TAUBMAN specially concurs.

Judge TAUBMAN specially concurring.

I agree with the conclusion and most of the analysis contained in the majority's opinion. I write separately, however, to express my view that the statutory sixty-day time limit for holding a revocation hearing under § 42–2–126(8)(e), C.R.S.2001, is not jurisdictional in these circumstances.

Both parties proceed on the assumption that the sixty-day time limit is jurisdictional, following the ruling by a division of this court in *Wilson v. Hill*, 782 P.2d 874 (Colo.App. 1989). That case, however, concerned a de-

lay by the Department of Revenue, not a requested delay by the claimant. As I read *Wilson,* and the cases upon which it relies, *e.g., Ursino v. Superior Court,* 39 Cal.App.3d 611, 114 Cal.Rptr. 404 (1974), the sixty-day time limit at issue here is "jurisdictional" only insofar as it requires the Department of Revenue to hold a hearing within that period.

As a division of this court observed in *Minto v. Lambert,* 870 P.2d 572 (Colo.App. 1993), the term "jurisdiction" has diverse and disparate meanings, encompassing both the appropriate exercise of power and the absence of power. Properly considered, lack of subject matter jurisdiction concerns the absence of power, while the issue here is the appropriate exercise of power.

Nothing in *Wilson* precludes waiver of the sixty-day time limit when a licensee or the licensee's attorney requests a rescheduling of the hearing. *Wilson* and the cases on which it relies focus solely on government officials' nondiscretionary duty to act within a specified period, rather than the Department of Revenue's power to adjudicate license revocation cases. Thus, to the extent that the sixty-day time limit may be waived, the Department of Revenue would be free to reschedule license revocation hearings after the sixty-day period has expired. This reading of the statute would obviate the Department of Revenue's concerns about the difficulty or impossibility of rescheduling a hearing within the sixty-day period.

While *Wilson* and the cases it cites emphasize the importance of an administrative agency carrying out its duties strictly within a particular statutory time period, there is no reason why a licensee should not be able to waive that statutory provision and obtain a hearing after the sixty-day period. Further, such a waiver is consistent with § 42-2-126(6)(a), C.R.S.2001, which provides that a revocation is not stayed during the period of any delay in a hearing caused or requested by the licensee or the licensee's attorney. My interpretation furthers the licensee's statutory right to counsel of his or her own choosing under § 24-4-105(9)(a), C.R.S.2001, and is consistent with the statutory provision contained in § 24-4-105(2)(a), C.R.S.2001, that "due regard shall be had for the conve-

nience and necessity of the parties and their representatives."

Accordingly, I would conclude that the sixty-day time period is not jurisdictional in these circumstances and remand for further proceedings.