**Paul TATE, Plaintiff–Appellant,**

v.

**COLORADO DEPARTMENT OF REVENUE, Division of Motor Vehicles, and Charles Craig in his official capacity as Hearing Officer for the Department of Revenue, Division of Motor Vehicles, Defendants–Appellees.**

No. 05CA1823.

Colorado Court of Appeals, Div. IV.

Feb. 8, 2007.

Paul Tate, Pro Se.

John W. Suthers, Attorney General, Robert H. Dodd, Jr., Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by: Judge CASEBOLT.

Paul Tate (petitioner) appeals the district court judgment affirming the revocation of his driver's license by the Department of Revenue (Department) for refusing to submit to testing as required by the express consent statute. Because petitioner's procedural arguments challenging the Department's revocation action are unpersuasive, we affirm.

Petitioner was arrested for driving under the influence of alcohol on March 18, 2004, and he then refused to submit to alcohol testing as required. Consequently, the arresting officer served a notice of revocation on petitioner pursuant to § 42–2–126, C.R.S. 2006.

On March 23, 2004, petitioner filed a timely request for a revocation hearing with the

Department. By statute, absent certain circumstances not applicable here, the Department was required to hold the hearing "not more than sixty days" after that date. *See* § 42–2–126(8)(e)(I), C.R.S.2006. Because the sixtieth day of the statutory period fell on a Saturday, the last day to hold the hearing was the next Monday, May 24, 2004. *See Perez v. Dep't of Revenue,* 778 P.2d 326 (Colo.App.1989).

In a notice of hearing dated April 26, 2004, the Department informed petitioner that it had scheduled his revocation hearing to be held by telephone on May 20, 2004. This notice was mailed to petitioner on April 28, 2004.

In a letter to the Department dated May 11, 2004, petitioner's attorney stated that petitioner had received the notice on April 30 and had called the Department on May 3 "regarding a conflict," but "was told that no other date was available." The letter requested the Department to reschedule the hearing, offered to waive the sixty-day requirement, and stated that petitioner "and his new bride are scheduled to fly to Mexico on May 20" and could not "cancel these tickets."

On May 13, 2004, the Department advised petitioner's attorney by telephone that the request to reschedule the hearing was denied because the hearing could not be reset within the sixty-day timeframe. Noting the impending time limit and that petitioner had requested the arresting officer to appear, the Department indicated that there were "no available openings" on the docket and that there was "insufficient time to properly notice parties."

The hearing was held as scheduled on May 20, 2004, and petitioner's attorney and the arresting officer appeared by telephone. Petitioner did not appear.

Petitioner's attorney submitted an affidavit from petitioner regarding the refusal issues, but the hearing officer refused to consider it, ruling that he was barred by statute from considering an affidavit from a licensee in such matters. Based on the evidence presented by the arresting officer, the hearing officer ruled that petitioner had indeed re-fused testing and revoked his driver's license on that basis.

On review, the district court rejected petitioner's arguments and upheld the revocation, and this appeal followed.

A reviewing court may reverse the Department's revocation action upon determining that, as relevant here, the Department has exceeded its constitutional or statutory authority, has erroneously interpreted the law, or has acted in an arbitrary and capricious manner. Section 42–2–126(10)(b), C.R.S. 2006.

■ Judicial review of the Department's revocation action is limited to the record made before the Department. Section 42–2–126(10)(b); *Hancock v. State,* 758 P.2d 1372 (Colo.1988). Thus, we may not consider the extensive factual statements asserted by petitioner on appeal that go beyond the limited record previously made in the proceedings before the Department, and we likewise may not consider the arguments petitioner has attempted to raise for the first time on appeal. *Poe v. Dep't of Revenue,* 859 P.2d 906 (Colo.App.1993); *see Hancock v. State, supra.*

### I. Department's Refusal to Reschedule Hearing

We first reject petitioner's argument that the Department violated his constitutional and statutory rights in refusing to reschedule the revocation hearing as requested.

### A. Rescheduling Beyond Sixty–Day Limit

■■ It is now well settled that the sixty-day time limit under § 42–2–126(8)(e)(I) for holding a revocation hearing is jurisdictional. *Erbe v. Colo. Dep't of Revenue,* 51 P.3d 1096 (Colo.App.2002); *Guynn v. State,* 939 P.2d 526 (Colo.App.1997); *Rule v. Dep't of Revenue,* 868 P.2d 1166 (Colo.App.1994); *Wilson v. Hill,* 782 P.2d 874 (Colo.App.1989); *see Smith v. Charnes,* 728 P.2d 1287, 1292 (Colo. 1986) (Department had "no discretion" to accommodate licensee's request to reschedule revocation hearing to date beyond this statutory time limit). We decline petitioner's invitation to depart from this precedent.

Although there are certain statutory exceptions to this sixty-day limit based on the unavailability of a law enforcement officer or hearing officer, the statute provides no exception for the unavailability of a licensee or a licensee's counsel. *Erbe v. Colo. Dep't of Revenue, supra.* Consequently, the Department was unable to accept petitioner's offer to waive this jurisdictional time limit, and it had no authority to reschedule the hearing beyond the sixty-day deadline. *See Erbe v. Colo. Dep't of Revenue, supra; see also Smith v. Charnes, supra.*

### B. Rescheduling Within Sixty–Day Limit

■ In contrast, rescheduling requests by a licensee or counsel for another date within the sixty-day limit are authorized and anticipated under the statutory scheme. *Erbe v. Colo. Dep't of Revenue, supra; see* § 42–2–126(6)(a), C.R.S.2006; *see also* § 24–4–105(2)(a), C.R.S.2006 (provision of Administrative Procedure Act (APA) requiring that "due regard" be given for the convenience and necessity of the parties in fixing time and place of administrative hearing); § 42–2–126(11), C.R.S.2006 (APA applies to revocation proceedings "to the extent it is consistent with" § 42–2–126).

■ One of the purposes of the statutory scheme is to provide for a prompt but fair revocation procedure. *Erbe v. Colo. Dep't of Revenue, supra; see* § 42–2–126(1)(b), C.R.S. 2006. Thus, a licensee may be entitled to a new revocation hearing if the Department's action in denying a rescheduling request for another date within the sixty-day limit is arbitrary, capricious, and inconsistent with its statutory obligations to provide a meaningful opportunity for a fair hearing. *Erbe v. Colo. Dep't of Revenue, supra.*

In *Erbe*, a division of this court held that the licensee was entitled to a new hearing where the Department refused to attempt to reschedule a revocation hearing based on its policy at that time of never granting rescheduling requests by a licensee or counsel, and the rescheduling request was made more than a month before the expiration of the sixty-day period. Nevertheless, the division in *Erbe* emphasized that it was not holding that the Department had to accommodate every request for rescheduling within the sixty-day limit, regardless of the timing or the basis of the request. Rather, noting that the Department may properly deny a rescheduling request made too late to be accommodated, the division held that the reversible error in that case was the Department's refusal even to attempt to accommodate counsel's request when there was no indication in the record that rescheduling would have been impracticable or unduly burdensome. *Erbe v. Colo. Dep't of Revenue, supra,* 51 P.3d at 1099.

Here, petitioner was given several weeks notice that the hearing was scheduled for the fifty-eighth day of the sixty-day period. Petitioner then called the Department about an unspecified "conflict" and was told that no other date was available for the hearing. The record further shows that, less than ten days before the hearing, his attorney requested rescheduling because petitioner and his new bride were "scheduled to fly to Mexico" on the specified day.

Unlike the circumstances in *Erbe*, the record here does not show that the Department refused to consider the rescheduling requests, or that it had any policy against rescheduling at the request of a licensee or counsel. Rather, the record indicates that the Department considered petitioner's rescheduling requests but determined upon investigation that it was unable to accommodate them because of a lack of available openings on the docket and insufficient time within the sixty-day period.

Thus, on the record before us, we find nothing arbitrary and capricious in the Department's denial of rescheduling, as petitioner's requests appear to have been made too late to be accommodated, and petitioner failed to establish a compelling reason to require the Department to reschedule at that point as well. *Cf. Erbe v. Colo. Dep't of Revenue, supra.*

■ Contrary to petitioner's further argument, we also cannot say that the Department's action in scheduling the hearing for the fifty-eighth day of the statutory period provides any basis, without more, for reversal here. Even though the Department did

not set the hearing until more than a month after petitioner's original request and scheduled it for a date late in the statutory period, the record simply does not show any impropriety in the Department's actions in this regard.

■ Finally, as noted by the district court, the record also shows that the Department provided petitioner the opportunity to participate at a hearing, but that petitioner ultimately chose not to appear personally and instead decided to proceed with his vacation plans and to have his attorney participate at the hearing. We agree with the district court that the Department did not thereby violate petitioner's statutory and due process rights to a hearing in the revocation proceedings.

Accordingly, we perceive no reversible error on this record in the Department's denial of petitioner's requests for rescheduling within the sixty-day period.

## II. Refusal to Consider Petitioner's Affidavit

■ We also reject petitioner's argument that the hearing officer erred in refusing to consider his affidavit at the hearing.

The use of affidavits in revocation hearings is governed by the provisions of § 42–2–126(8)(f), C.R.S.2006. Specifically, § 42–2–126(8)(f)provides, in pertinent part, that the Department "may consider evidence contained in affidavits *from persons other than the respondent* " (emphasis added), as long as certain technical requirements regarding such affidavits are satisfied. The term "respondent" refers to a licensee requesting a hearing. Section 42–2–126(9)(a), C.R.S.2006.

■ In construing a statute so as to give effect to the intent of the General Assembly, we must look first to the language of the statute. Words and phrases should be given effect according to their plain and ordinary meaning and, unless it would lead to an absurd result, a court must not give statutory language anything other than its plain meaning. *Barnes v. Colo. Dep't of Revenue,* 23 P.3d 1235 (Colo.App.2000).

In our view, the plain meaning of the foregoing provisions of § 42–2–126(8)(f)is

that, although the Department may consider affidavits from persons other than the licensee, it may not consider an affidavit from a licensee. We agree with the district court that the necessary implication of this statutory language is that a licensee must present his or her testimony directly at a revocation hearing, whether in person or by telephone, but may not present such evidence by affidavit.

Consequently, the hearing officer properly ruled that he could not consider petitioner's affidavit at the hearing. *See* § 42–2–126(8)(f).

## III. Issues Regarding Telephone Testimony

■ Finally, we decline to address petitioner's argument that the Department erroneously interpreted the provisions of § 42–1–218.5, C.R.S.2006, as to telephone hearings, by requiring him to appear by telephone and to be at the same location as his attorney if he wanted to participate at the hearing.

The record shows that no issues were raised or addressed at the hearing or in the earlier proceedings before the Department regarding § 42–1–218.5 or the Department's requirements for petitioner to participate in the hearing by telephone. Consequently, these issues are not properly before us. *See Hancock v. State, supra; Poe v. Dep't of Revenue, supra.*

Petitioner's remaining contentions of error are also unpersuasive.

Accordingly, the district court properly upheld the revocation.

The judgment is affirmed.

Judge HAWTHORNE and Judge BERNARD concur.