Cynthia Renee ZELENOY,
Plaintiff–Appellant,

v.

**COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Respondent–Appellee.**

No. 06CA2635.

Colorado Court of Appeals,
Div. VI.

July 24, 2008.

Timothy Kelly & Associates, LLC, Timothy Kelly, Denver, Colorado, for Plaintiff–Appellant.

John W. Suthers, Attorney General, Ceri Williams, Assistant Attorney General, Denver, Colorado, for Respondent–Appellee.

Opinion by Judge FURMAN.

Cynthia Renee Zelenoy appeals from the district court's order affirming the Colorado Department of Revenue, Motor Vehicle Division's (Department) suspension of her driver's license for her failure to provide proof of financial responsibility for the future, as required under sections 42–7–103(14) and 42–7–406(1.5), C.R.S.2007. We affirm.

## I. Background

Zelenoy's son was involved in two separate alcohol-related car accidents. In both accidents, he was driving her car. After the second accident, the Department sent a notice of suspension to Zelenoy that stated:

In conformity with 42-7-406 it is necessary for you, the owner of the vehicle, to establish proof of financial responsibility. You may request a hearing concerning this matter by applying in writing or in person to the Hearings Section prior to the effective date shown above. When applying for the hearing you will be required to file evidence of liability insurance in your name prior to the hearing being granted. If a request for hearing is not made or received by 2/12/2006 in conformity with 42-7-406 CRS, your privilege to operate a motor vehicle in this state is hereby suspended indefinitely....

You may avoid suspension by filing with this department proof of financial responsibility in the form of an SR22 prior to the above effective date.

The Department describes an SR-22 as follows:

An SR22 is a rider to an insurance policy ... [It] is a guarantee by the insurance company that you will keep insurance in effect for a certain period. If you don't keep the SR22 current, the insurance company will notify the Motor Vehicle Division. Once the Motor Vehicle Division has been notified that the SR22 is no longer in effect, but is still required, Motor Vehicle will suspend your license for that reason alone.

Colo. Dep't of Revenue, Division of Motor Vehicles, *What Is an SR22?*, http://www. revenue. state.co.us/mv_dir/wrap.asp? incl=faqdc/faqdc10 (last visited July 22, 2008).

After receiving the notice of suspension, Zelenoy requested a hearing, and submitted copies of two standard liability insurance policies to the Department. *See* § 42-7-201(2)(c), C.R.S.2007 ("[i]f the person, for the protection of the public interest and safety, files or has filed with the director evidence of current liability insurance in the driver's name ... the request for hearing shall ... postpone the date on which the affected person's license ... would otherwise be suspended"). However, the Department suspended her license.

The director of the Department subsequently granted Zelenoy a hearing. At the hearing, Zelenoy submitted an SR-22 in her son's name. However, as to the two standard liability policies, the Department argued that they did not provide proof of financial responsibility for the future because Zelenoy could cancel them at any time. The hearing officer agreed, ruling:

Proof of insurance in the future is an SR-22. That's what that is. Because what it means is she has to have it for the rest of this time. If you get regular insurance you can have it from month to month to month. This way they know you got to have it for three years. If you don't have it for three years, you get an insurance termination.

As to the SR-22 policy, because it was not in Zelenoy's name, the hearing officer continued the order suspending her license. *See* § 42-7-406(1.5)(a)(II), C.R.S.2007 ("it is necessary for the motor vehicle *owner* to establish proof of financial responsibility"). (Emphasis added).

The district court affirmed.

Zelenoy appeals. She raises four broad contentions: (1) the hearing officer erred in requiring an SR-22 as "proof of financial responsibility for the future"; (2) the notice of suspension misapplied section 42-7-406, requiring a reversal of her suspension; (3) the Department erred in suspending her license pending her hearing; and (4) the notice of suspension and section 42-7-406(1.5)(a) are unconstitutionally vague. The correct interpretation of the phrase "proof of financial responsibility for the future" presents an issue of first impression in the State of Colorado. Therefore, we first address what constitutes proof of financial responsibility for the future—and then turn to Zelenoy's other contentions.

## II. Proof of Financial Responsibility for the Future

■ We first consider whether the hearing officer erred in requiring an SR–22 as "proof of financial responsibility for the future," and conclude he did not.

Section 42–7–103(14)(a) and (b), C.R.S. 2007, define "proof of financial responsibility for the future" as:

(a) "Proof of financial responsibility for the future," also referred to in this article as proof of financial responsibility, means proof of ability to respond in damages for liability, on account of accidents occurring after the effective date of said proof, arising out of the ownership, maintenance, or use of a motor vehicle. . . .

(b) For purposes of this title, the form known as the "SR–22" furnished to the department may be used as proof of financial responsibility in compliance with this article.

Section 42–7–408, C.R.S.2007, describes the method of proving financial responsibility for the future:

(1) (a) Proof of financial responsibility for the future, when required under this article, may be given by the following methods:

(I) Proof that a policy of liability insurance has been obtained and is in full force and effect or that a bond has been duly executed or that deposit has been made of money; or

(II) Securities as provided in section 42–7–418 [proof of financial responsibility given in the form of money or securities].

(b) Proof of financial responsibility for the future in the amounts provided in section 42–7–103(14) shall be maintained for three years from the date last required and shall be furnished for each motor vehicle registered during that period. . . .

■ We may reverse a driver's license suspension order if the Department erred in interpreting a statute. § 42–2–126(10)(b), C.R.S.2007; *Meyer v. State*, 143 P.3d 1181, 1187 (Colo.App.2006); *see Lawley v. Dep't of Higher Educ.*, 36 P.3d 1239, 1247 (Colo.2001). Whether the Department erred in interpreting a statute is a question of law that we review de novo. *Lobato v. Indus. Claim Appeals Office*, 105 P.3d 220, 223 (Colo.2005); *Meyer*, 143 P.3d at 1187.

■ Our objective when interpreting a statute is to effectuate the intent and purpose of the General Assembly. To achieve this objective, we start with the language of the statute. *Davison v. Indus. Claim Appeals Office*, 84 P.3d 1023, 1029 (Colo.2004). If the statutory language is clear and unambiguous, we must apply its plain and ordinary meaning. *Droste v. Bd. of County Comm'rs*, 159 P.3d 601, 605 (Colo.2007); *Lobato*, 105 P.3d at 223.

Section 42–7–103(14) is clear and unambiguous; it defines "proof of financial responsibility for the future" and "proof of financial responsibility" as "proof of ability to respond in damages for liability, on account of accidents occurring *after* the effective date of said proof, arising out of the ownership, maintenance, or use of a motor vehicle." (Emphasis added.) Requiring proof of financial responsibility for accidents occurring after the effective date of that proof provides an assurance that someone would be responsible for damages for future accidents over a three-year period. *See* § 42–7–406(1.5)(a)(II) ("[b]ecause of the risks to the public connected with the use of the vehicle in alcohol-related driving violations, it is necessary for the motor vehicle owner to establish proof of financial responsibility").

The statute requires "the motor vehicle owner" to establish proof of financial responsibility. However, the policy Zelenoy submitted—an SR–22 in her son's name—applied to the driver only. Thus, she did not provide an assurance that someone would be responsible for damages regardless of who was driving.

Moreover, the standard liability insurance policies Zelenoy submitted to the Department could be cancelled at any time without the Department being notified. Thus, those policies did not provide an assurance that someone would be responsible for damages for future accidents, an assurance that would have been provided by an SR–22. *See* § 42–7–103(14)(b).

Accordingly, because an SR–22 submitted in the owner's name would have provided proof of financial responsibility for the future, we conclude the hearing officer did not err in requiring Zelenoy to submit an SR–22 in her name as such proof.

### III. Notice of Suspension

■ We next consider whether the notice of suspension Zelenoy received misapplied section 42–7–406, and conclude it did. However the misapplication does not require reversal of her suspension.

Section 42–7–406(1.5)(a) provides that the notice of suspension must inform the owner that:

(I) The operator of the motor vehicle owned by the owner has been involved in multiple alcohol-related driving violations while operating the owner's vehicle;

(II) Because of the risks to the public connected with the use of the vehicle in alcohol-related driving violations, it is necessary for the motor vehicle owner to establish proof of financial responsibility;

(III) Within thirty days after the date of mailing of the notice, the owner is required to file proof of financial responsibility for the future pursuant to the requirements of section 42–7–408 or to request a hearing regarding the applicability of this requirement to the owner;

(IV) The vehicle owner is entitled to a hearing and judicial review pursuant to section 42–7–201;

(V) If the owner has not filed proof of financial responsibility or requested a hearing within thirty days after the date of mailing of the notice, the department will suspend the driver's license or nonresident operating privilege of the owner.

We agree that the notice of suspension Zelenoy received misapplied the statute because it required her "to file evidence of liability insurance in [her] name *prior* to the hearing being granted." (Emphasis added.) The notice should have tracked the language of section 42–7–201(2)(c).

Nonetheless, because Zelenoy received a hearing, and at that hearing did not prove an ability to respond in damages for liability, on account of accidents occurring after the effective date of said proof, she cannot demonstrate that any misapplication of the statute prejudiced her. *See* § 42–7–103(14). Therefore, we conclude she is not entitled to reversal of her suspension. *See Erbe v. Colo. Dep't of Revenue,* 51 P.3d 1096, 1098 (Colo. App.2002); *Nye v. Motor Vehicle Div.,* 902 P.2d 959, 961 (Colo.App.1995).

### IV. Request for a Hearing

■ We next consider whether the Department erred in temporarily suspending Zelenoy's license while her hearing was pending, and conclude such contention is moot because she received a hearing and did not prevail at that hearing. *See* § 42–7–201(2)(c); *see also State Bd. of Chiropractic Exam'rs v. Stjernholm,* 935 P.2d 959, 970 (Colo.1997) ("[w]hen the conduct sought to be redressed by ... declaratory ... relief is peculiar to a particular event that has already occurred, the finality of the event ... moots the controversy").

### V. Unconstitutional Vagueness

We next consider whether section 42–7–406(1.5)(a) and the Department's notice of suspension are unconstitutionally vague, and conclude they are not.

#### A. Standard of Review

■ Statutes are presumed to be constitutional, and one challenging the validity of a statute has the burden of proving the statute to be unconstitutional beyond a reasonable doubt. *Watso v. Colo. Dep't of Soc. Serv.,* 841 P.2d 299, 304 (Colo.1992). To prove a void-for-vagueness challenge, it must be shown that the statutory prohibition forbids or requires the doing of an act in terms so vague that persons of ordinary intelligence must necessarily guess as to its meaning and differ as to its application. *Regency Servs. Corp. v. Bd. of County Comm'rs,* 819 P.2d 1049, 1055 (Colo.1991).

■ We review void for vagueness challenges de novo. *See Watso,* 841 P.2d at 304.

### B. Section 42–7–406(1.5)(a)

 Zelenoy contends section 42–7–406(1.5)(a) is unconstitutionally vague because, by not specifying that an SR–22 policy is required to establish proof of financial responsibility for the future, the statute permits the interpretation that any valid, current motor vehicle liability policy will satisfy the statute. However, because a standard motor vehicle insurance policy does not provide proof of ability to respond in damages for accidents occurring after such policy is submitted to the Department, and section 42–7–103(14)(a) specifies that an SR–22 may be used as such proof, we conclude that section 42–7–406(1.5)(a) is not unconstitutionally vague on that basis. *See Stamm v. City & County of Denver,* 856 P.2d 54, 57 (Colo. App.1993) (void for vagueness challenge denied because meaning of statutory language was clear from other statutes, ordinances, and regulations).

### C. Interchangeable Terms

Zelenoy next contends section 42–7–406(1.5)(a) is unconstitutionally vague because it uses the terms "proof of financial responsibility" and "proof of financial responsibility for the future" interchangeably. However, because section 42–7–103(14)(a) provides that "proof of financial responsibility for the future" and "proof of financial responsibility" have the same definition, and that definition clearly explains what proof is expected, we conclude the legislature's interchangeable use of these terms in section 42–7–406(1.5)(a) does not render that section unconstitutionally vague.

### D. Notice of Suspension

 Zelenoy also contends the Department's notice of suspension is unconstitutionally vague because it did not clearly advise her of how to avoid suspension. However, because the notice Zelenoy received clearly advised her that she could avoid suspension by filing with the Department proof of financial responsibility, and could do so by filing an SR–22 in her name, we reject Zelenoy's contention. *See* §§ 42–7–103(14)(a) and (b), 42–7–408.

### VI. Attorney Fees

Zelenoy requests an award of attorney fees. Because she has not stated a legal basis for her request, her request is denied. *See Allen v. Reed,* 155 P.3d 443, 446 (Colo. App.2006).

The order is affirmed.

Judge VOGT and Judge DAILEY concur.