Kevin FALLON, Petitioner–Appellee and Cross–Appellant,

v.

COLORADO DEPARTMENT OF REVENUE, Respondent–Appellant and Cross–Appellee.

No. 08CA2554.

Colorado Court of Appeals, Div. A.

March 18, 2010.

Michael T. Kossen, P.C., Michael T. Kossen, Castle Rock, Colorado, for Petitioner–Appellee and Cross–Appellant.

John W. Suthers, Attorney General, Robert H. Dodd, Jr., Assistant Attorney General, Denver, Colorado, for Respondent–Appellant and Cross–Appellee.

Opinion by Chief Judge DAVIDSON.

Respondent, Colorado Department of Revenue (the Department), appeals from the district court judgment reversing the Department's revocation of the driver's license of petitioner, Kevin Fallon, under section 42–2–126, C.R.S.2009, for refusing to submit to testing as required by the express consent statute, section 42–4–1301.1, C.R.S.2009. The district court reversed on the ground that the Department erred in refusing to issue a subpoena requested by Fallon and remanded for a new hearing. Fallon cross-appeals, challenging the remand for new hearing on the ground that the Department's regulations regarding subpoenas, as applied to him, irrevocably violated his due process rights. We reverse the judgment of the district court and remand with directions to reinstate the Department's order of revocation.

## I. Background

In February 2008, Fallon made a U-turn into the lane of travel of a Breckenridge police officer, who, because of icy road conditions, braked hard to avoid a collision. The officer stopped Fallon for executing an unsafe U-turn and, upon contact, noticed that Fallon appeared intoxicated. Fallon admitted to drinking five beers, performed poorly on roadside maneuvers, and was arrested on suspicion of driving under the influence of alcohol (DUI). Subsequently, Fallon refused the officer's request that he submit to testing as required by the express consent statute, and he was served with a notice of revocation based on that refusal. *See* § 42–2–126(2)(h), (3)(c), (5)(b), C.R.S.2009.

Fallon requested a hearing to contest the revocation, *see* § 42–2–126(7), C.R.S.2009, and asked the Department to issue a subpoena for Eric Drummond, a purported eyewitness to the "circumstances surrounding the stop." The Department denied the request and Drummond did not appear as a witness at the hearing. After the hearing, crediting the police officer's testimony, the hearing officer rejected Fallon's challenges to the legality of the stop and arrest and revoked his driver's license for one year for refusing testing.

On review, the district court reversed the revocation and remanded for a new hearing. The court concluded as a matter of law that the failure of the Department to issue the requested subpoena violated Fallon's right to present his case. Specifically, the court determined that Department regulations limiting the right to subpoena witnesses were contrary to the Department's statutory mandate to issue subpoenas.

On appeal, the Department contends that the court erred in determining that a licensee in a revocation hearing has an unqualified right to subpoena witnesses for that hearing. Fallon cross-appeals, arguing that, because the Department irrevocably denied him a fair hearing, the appropriate remedy was dismissal, and not remand; that the Department violated his due process rights by refusing to issue the subpoena; and that his stop and arrest were illegal because they were unsupported by reasonable suspicion and probable cause.

## II. Standard of Review

To the extent they are consistent, the provisions of both section 42–2–126 and the state Administrative Procedure Act (APA), sections 24–2–101 to –108, C.R.S.2009, govern the procedures for administrative hearings and judicial review in this type of driver's license revocation proceeding. *Gilbert v. Julian*, 230 P.3d 1218, —— (Colo.App. 2009); *see* § 42–2–126(11), C.R.S.2009.

■ A reviewing court may reverse a driver's license revocation order if "the department exceeded its constitutional or statutory authority, made an erroneous interpretation of the law, acted in an arbitrary and capricious manner, or made a determination that is unsupported by the evidence in the record." § 42–2–126(9)(b), C.R.S.2009. A court may also reverse a revocation order if the Department's failure to issue requested subpoenas prejudiced the substantial rights of the licensee to present a defense. *Nye v. Motor Vehicle Div.*, 902 P.2d 959, 961 (Colo. App.1995). A reviewing court has the authority to remand a case for further proceedings and to compel action to be taken that has been unlawfully withheld. *See* § 24–4–106(7), C.R.S.2009.

■ In reviewing the Department's actions, we stand in the same position as the district court. *Gilbert*, 230 P.3d at ——. A hearing officer's finding of fact is arbitrary and capricious if the record as a whole shows there is no substantial evidence to support the decision. *See Glasmann v. State*, 719 P.2d 1096, 1097 (Colo.App.1986). We review both the hearing officer's and the district court's determinations of law de novo. *Gilbert*, 230 P.3d at ——; *Meyer v. State*, 143 P.3d 1181, 1187 (Colo.App.2006).

## III. Agency Subpoena Power

Pursuant to Department regulations, a request for a subpoena for a witness (other than the law enforcement officer who submitted documentation initiating the proceeding) to appear at a revocation hearing must state why that witness's testimony is both reason-

able and necessary. Dep't of Revenue Rules 2.6.2 & 2.6.3, 1 Code Colo. Regs. 204–19. Here, in refusing to issue the subpoena, the Department stated that Fallon's explanation as to why the testimony was relevant and necessary was insufficient, but that it would reconsider if Fallon submitted a request in compliance with its regulations. Fallon did not submit anything further.

In its order reversing the revocation, the district court reasoned that, although both the APA and section 42–2–126 grant the Department authority to issue subpoenas, neither expressly grants to the Department the authority to enact regulations limiting the circumstances in which it does so. The Department contends that the court erred in determining that the Department's subpoena authority is effectively ministerial. We agree.

■■■ Interpretation of the statutes and regulations granting a hearing officer the authority to issue a subpoena is a question of law that we review de novo. See *Envirotest Sys. Corp. v. Colo. Dep't of Revenue*, 109 P.3d 142, 145 (Colo.2005). In interpreting a statute, we give effect to the legislature's intent. *Zab, Inc. v. Berenergy Corp.*, 136 P.3d 252, 255 (Colo.2006). In doing so, we look to a statute's plain language and "consider the statutory scheme as a whole to give a consistent, harmonious, and sensible effect to each individual section." *Id.* Although review is de novo and the interpretation of a statute by the agency charged with its enforcement is not binding, it is generally entitled to great deference. See *Coffman v. Colo. Common Cause*, 102 P.3d 999, 1005 (Colo.2004).

Here, we defer to the Department's interpretation of its statutory authority concerning issuance of subpoenas because its interpretation, that it has the power to require subpoena requests to establish that the witness is reasonable and necessary, has a reasonable basis in law. See *Ohlson v. Weil*, 953 P.2d 939, 941 (Colo.App.1997).

The subpoena authority of the Department in revocation proceedings has two sources. The more general authority is the APA, which gives hearing officers conducting adjudicatory hearings the power to issue subpoe-

nas. § 24–4–105(4), C.R.S.2009 ("any hearing officer shall have authority to . . . sign and issue subpoenas; . . . issue appropriate orders which shall control the subsequent course of the proceedings; . . . and take any other action authorized by agency rule consistent with this article or in accordance, to the extent practicable, with the procedure in the district courts"). The only other reference to an agency's subpoena power in the APA is the admonition that "[s]ubpoenas shall be issued without discrimination between public and private parties." § 24–4–105(5), C.R.S.2009.

The more specific source of the Department's subpoena authority is section 42–2–126, governing driver's license revocation hearings. That section provides that a "hearing officer shall have authority to . . . [i]ssue subpoenas for the attendance of witnesses." § 42–2–126(8)(d)(VII), C.R.S.2009 (codified at section 42–2–126(9)(b) until repeal and reenactment in July 2008). It also states that the APA "shall apply to this section to the extent it is consistent" with the section's own provisions for administrative hearings and judicial review. § 42–2–126(11).

■■ Fallon does not allege that the Department has discriminated between private and public parties, nor does he claim that the Department's refusal to subpoena Drummond was in violation of its own regulations. He contends that the absence of an express statutory grant of authority to exercise discretion in issuing subpoenas indicates that the Department must grant all subpoenas upon request. We disagree for several reasons.

First, we read the broad authority given by the APA to hearing officers to take *any* action authorized by their agency's rules, so long as that action is not inconsistent with other provisions of the APA, to indicate a legislative intent that agencies exercise discretion in carrying out their duties. See, e.g., *Rosenberg v. Board of Educ.*, 710 P.2d 1095, 1098 (Colo.1985) (granting or denying the use of depositions is within the discretion of the hearing officer); *see also* § 24–4–105(4) (concerning a hearing officer's conduct of administrative hearings, setting forth, in addition

to the authority to issue subpoenas, a litany of powers that are necessarily discretionary, e.g., ruling on settings, continuances, discovery, and admission of evidence).

Second, unlike the procedure for trial courts set forth in C.R.C.P. 45, which allows parties or their attorneys to issue subpoenas, sections 24–4–105(4) and 42–2–126(8)(d)(VII) give that authority only to the agency conducting the hearing. If the legislature had intended that the Department issue every subpoena requested, it would not have vested subpoena power solely in the Department's hearing officers rather than allowing the parties, or their attorneys, to subpoena witnesses themselves.

Indeed, to require the Department (or any administrative agency) to issue any subpoena requested would expose the hearing process to unrestrained requests for irrelevant or obviously cumulative witnesses. As noted by the Department, "eliminating discretion over subpoenas would result in witnesses appearing at hearings unnecessarily[,] ... would lengthen hearings and [would] impair the agency's ability to meet the statutory sixty-day deadline to hold hearings." *See* § 42–2–126(8)(a)(I), C.R.S.2009; § 24–4–105(4) (authorizing agencies to take actions consistent with the APA "or in accordance, *to the extent practicable,* with the procedures in the district courts" (emphasis supplied)).

Third, although the trial court and Fallon view this provision as supportive of their position, the language in section 24–4–105(5) requiring that subpoenas "shall be issued without discrimination between public and private parties" actually confirms that agency subpoena power is discretionary. If, as Fallon argues, an agency were required to issue all subpoenas requested, then the requirement that subpoenas be issued "without discrimination between public and private parties" would be meaningless. *See Johnston v. City Council,* 177 Colo. 223, 228, 493 P.2d 651, 654 (1972) (it is a fundamental rule of construction to give effect to every word of a statute if possible).

## IV. Challenge to Stop and Arrest

A licensee has the right to "present his case or defense by oral and documentary evidence." § 24–4–105(7), C.R.S.2009. Thus, although, as we have determined, the Department's subpoena powers generally are discretionary, it may not impose requirements for subpoena requests that deprive licensees of the opportunity to meaningfully exercise this right. *See Nye,* 902 P.2d at 961–62 (interpreting § 42–2–126(7), which provides that a person subject to license revocation has the specific right to subpoena the law enforcement officer involved in the revocation, as requiring that the officer be made available for cross-examination upon request).

Here, Fallon contends that even if the Department's issuance of a subpoena to Drummond was not mandatory, its refusal violated Fallon's right to a fair hearing. Specifically, he asserts his due process rights were violated because his inability to subpoena Drummond affected his ability to challenge the legality of the stop and arrest. Moreover, he contends that the stop and arrest were unsupported by reasonable suspicion and probable cause. We disagree with all of these contentions.

Initially, we note that it is an open question whether a licensee in a revocation hearing may properly argue that his stop and arrest were not supported by reasonable suspicion and probable cause and that evidence resulting from them should, therefore, be excluded. *See Pennsylvania Bd. of Prob. & Parole v. Scott,* 524 U.S. 357, 363, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998); *Baldwin v. Huber,* 223 P.3d 150, 154 (Colo.App.2009) (Furman, J., specially concurring). Nevertheless, the exclusionary rule is irrelevant here because Fallon refused testing. However, because the hearing officer rejected Fallon's challenges to the stop and arrest on the merits and because the Department has not contended that the legality of the stop and arrest were irrelevant, we will address Fallon's arguments on those issues here.

### A. Drummond's absence did not impair Fallon's ability to challenge the stop and arrest.

█ At the revocation hearing, the arresting officer testified that Drummond was not

present when Fallon was stopped but arrived later with another officer who assisted in performing the roadside tests. He testified that although he could not remember exactly when Drummond arrived, he was there for "some or all" of the roadside tests but was not present during the U-turn that supported the stop or during the initial contact with Fallon. Fallon and his two passengers testified, and none of them contradicted this portion of the officer's testimony. Accordingly, because the record is undisputed that Drummond was not a witness to the stop, his absence at the hearing did not impair Fallon's ability to challenge its reasonableness.

Likewise, Drummond's absence did not impair Fallon's ability to challenge the legality of his arrest. At the hearing, Fallon presented testimony that flash photography was occurring during the nystagmus test and that it was cold, and his expert testified that the flash photography, flashing lights from the police car, and cold temperatures invalidated the roadside tests. However, Fallon has not identified any potential testimony from Drummond that could add to the testimony from the witnesses who did testify.

In any event, even if any testimony from Drummond could have convinced the hearing officer that the roadside tests were invalid because of lighting and weather conditions, as discussed in part IV. C. below, the record supports the hearing officer's determination that there was probable cause to arrest Fallon wholly apart from any evidence concerning his performance on the roadside tests.

Accordingly, we hold that the Department's refusal to subpoena Drummond did not violate Fallon's substantial rights.

### B. The officer had reasonable suspicion to stop Fallon.

■ The arresting officer testified that he was driving 15 to 20 miles per hour when Fallon made a U-turn in front of him at a distance of 100 to 200 feet and, because of the icy conditions, he braked hard to avoid an accident. Although Fallon testified and presented witnesses, including an expert, challenging the officer's perceived need to brake hard, the hearing officer credited the officer's testimony. *See Charnes v. Lobato,* 743 P.2d 27, 32 (Colo.1987) (credibility of witnesses and the weight to be given their testimony are decisions within the province of the hearing officer).

Based on the arresting officer's observations of Fallon's driving, there is substantial evidence in the record to support the hearing officer's determination that the initial stop was lawful under the reasonable suspicion standard. *See Nefzger v. Colo. Dep't of Revenue,* 739 P.2d 224, 229 (Colo.1987); *Baldwin,* 223 P.3d 150.

### C. The officer had probable cause to arrest Fallon for DUI.

■ The record shows that upon contacting Fallon, the arresting officer smelled the odor of an alcoholic beverage on Fallon's breath, and Fallon admitted having consumed alcohol. The arresting officer also observed that Fallon had glazed and watery eyes and slurred speech, was unresponsive to the officer's questions, stared at his registration for several seconds before handing it to the officer, and stumbled getting out of his car.

Even without considering Fallon's performance on the roadside tests, these other observations by the arresting officer were sufficient to establish probable cause for Fallon's DUI arrest. *See Nefzger,* 739 P.2d at 229; *Baldwin,* 223 P.3d 150.

### V. Conclusion

We conclude that the Department's subpoena power is discretionary, that Fallon's substantial rights were not violated by the Department's refusal to subpoena Drummond, and that the evidence in the record supports the Department's determination that both the stop and the arrest were legal.

Based on our disposition, we do not address Fallon's argument that the district court's remand order is inappropriate.

The judgment is reversed and the case is remanded to the district court with directions to reinstate the Department's order of revocation.

Judge CRISWELL ■ and Judge NEY ■ concur.