The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
January 30, 2020

## 2020COA17

**No. 18CA1347, *Emmons v. Department of Revenue* — Vehicles
and Traffic — Driver's Licenses — Revocation of Licenses Based
on Administrative Determination — Hearing**

A division of the court of appeals considers whether the

Colorado Department of Revenue, Division of Motor Vehicles, had

jurisdiction to revoke Kerry Marie Emmons' driver's license.

Generally, the Department of Revenue must hold a driver's

license revocation hearing within sixty days of receiving a driver's

written request for such a hearing.  § 42-2-126(8)(a), C.R.S.

2019.  However, for a legitimate cause, the Department may

reschedule a hearing more than sixty days after receiving the

driver's request if the Department reschedules the hearing for the

"earliest possible time" the hearing officer becomes available.  § 42-

2-126(8)(a)(IV).

Like other divisions, the division first concludes that section 42-2-126(8)(a) imposes a limit on the Department's jurisdiction to revoke a driver's license. *See Tate v. Colo. Dep't of Revenue*, 155 P.3d 643, 645 (Colo. App. 2007); *Guynn v. State*, 939 P.2d 526, 529 (Colo. App. 1997); *Wilson v. Hill*, 782 P.2d 874, 875 (Colo. App. 1989).

Then, as a matter of first impression, the division concludes that the Department of Revenue has the burden to show that it rescheduled a driver's license revocation hearing for the "earliest possible time" a hearing officer became available. Because the Department rescheduled the hearing more than sixty days after Emmons requested a hearing, and because the Department did not prove that it rescheduled the hearing at the "earliest possible time" a hearing officer became available, the division concludes that the Department lacked jurisdiction to revoke Emmons' license.

Accordingly, the division reverses the district court's judgment affirming the Department's revocation of Emmons' license.

Court of Appeals No. 18CA1347
El Paso County District Court No. 17CV32513
Honorable Thomas K. Kane, Judge

Kerry Marie Emmons,

Plaintiff-Appellant,

v.

Colorado Department of Revenue, Division of Motor Vehicles, acting by and through its executive director, Lu Cordova,

Defendant-Appellee.

JUDGMENT REVERSED

Division IV
Opinion by JUSTICE MARTINEZ*
Navarro and Rothenberg*, JJ., concur

Announced January 30, 2020

The Bussey Law Firm, P.C, Timothy R. Bussey, Philip C. Shadwick, Jr., Colorado Springs, Colorado, for Plaintiff-Appellant

Philip J. Weiser, Attorney General, Laurie Rottersman, Senior Assistant Attorney General, Jessica E. Ross, Assistant Attorney General, Denver, Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2019.

¶ 1     Officer Scott Warren arrested Kerry Marie Emmons on suspicion of drunk driving.  Subsequently, the Department of Revenue, Division of Motor Vehicles (Department) revoked Emmons' driver's license after a hearing at which it found that she had driven within two hours of having a blood alcohol content (BAC) above .08.  Emmons appealed to the district court, which affirmed the action of the Department.  Now, Emmons appeals the district court's judgment affirming the Department's revocation of her license.

¶ 2     On appeal, Emmons raises several challenges.  She contends that (1) the Department lacked jurisdiction to revoke her license because her hearing was untimely; (2) the hearing officer violated her due process rights by allowing Officer Warren to testify by telephone at her hearing; (3) the record does not support the hearing officer's finding that Officer Warren lawfully stopped Emmons; and (4) the record does not support the hearing officer's finding that Emmons had a BAC above .08.

¶ 3     Emmons also contends the district court erred in denying her motion to stay the revocation of her license without holding a hearing.

¶ 4    We conclude that the Department lacked jurisdiction to revoke Emmons' license. We therefore reverse the district court's judgment and do not address Emmons' other contentions.

## I.    Background

¶ 5    In the early morning of May 25, 2017, Officer Warren of the Colorado Springs Police Department was out on patrol. He noticed a black SUV alternating speeds and weaving within its lane on Interstate 25 and began to follow the vehicle.

¶ 6    When the black SUV "straddled" the dashed lines marking its lane, Warren activated his patrol car's overhead lights and pulled the SUV over. The driver, Emmons, admitted that she had consumed alcohol at home, had bloodshot watery eyes and slurred speech, and did not successfully perform roadside sobriety tests.

¶ 7    Officer Warren arrested Emmons, took her to the police station, and administered a breath test to her. The results showed that she had a BAC of .173 grams of alcohol per 210 liters of breath. Because Emmons' BAC exceeded the legal limit of .08, Officer Warren served her with a notice of revocation of her driver's license.

¶ 8    On May 30, 2017, Emmons requested a hearing with the Department to review the revocation of her license.  After some scheduling difficulties (which we will discuss in detail below), the Department held Emmons' hearing on August 17, before Hearing Officer Linda Stanley.

¶ 9    Stanley heard testimony from Emmons and Officer Warren and concluded that Emmons "drove a motor vehicle in the State of Colorado with a resulting BAC that exceeded the legal limit set forth in C.R.S. § 42-2-126(2)(b) and which was established within two hours of the initial observation of [her] driving."  Based on this finding, Stanley issued an order revoking Emmons' driving privileges for twelve months.

¶ 10   At the end of the twelve-month revocation period, Emmons' license was not reinstated because she had not met several requirements, including

- completing an alcohol and drug treatment program, *see* § 42-2-126(4)(d)(II)(A), C.R.S. 2019;

- paying a $95.00 restoration fee, § 42-2-132(4)(a)(I), C.R.S. 2019; and

- filing an "SR-22," which requires a driver's insurance company to notify the Department if the driver cancels her insurance policy, *see Zelenoy v. Colo. Dep't of Revenue*, 192 P.3d 538, 540 (Colo. App. 2008).

¶ 11    Emmons filed an appeal in the district court, challenging the hearing officer's order; the district court affirmed the revocation of her license. She now appeals the district court judgment affirming the revocation of her driver's license. Emmons and the Department have advised this court that her license has not been reinstated.

## II.    Standard of Review

¶ 12    When reviewing the Department's actions in revocation proceedings, we stand in the same position as the district court. *Baldwin v. Huber*, 223 P.3d 150, 152 (Colo. App. 2009). We may reverse the revocation only if, based on the administrative record, we find "that the department exceeded its constitutional or statutory authority, made an erroneous interpretation of the law, acted in an arbitrary and capricious manner, or made a determination that is unsupported by the evidence in the record." § 42-2-126(9)(b). "A hearing officer's finding of fact is arbitrary and capricious if the record as a whole shows there is no substantial

evidence to support the decision." *Fallon v. Colo. Dep't of Revenue*, 250 P.3d 691, 693 (Colo. App. 2010).  We review both the hearing officer's and the district court's determinations of law de novo.  *Id.*

### III.  Timeliness of Hearing

¶ 13    Emmons contends that the Department lacked jurisdiction to revoke her license because (1) her revocation hearing took place more than sixty days after the Department received her request for a hearing and (2) the Department did not show that the hearing was rescheduled at the earliest possible time a hearing officer was available.  *See* § 42-2-126(8)(a)(I), (IV).

¶ 14    We agree.

### A.  Delays in Scheduling the Hearing

¶ 15    Emmons received the notice of revocation on May 25, 2017.  On May 30, 2017, she timely filed a written request for a hearing.  *See* § 42-2-126(7)(b) ("A person must request a hearing in writing within seven days after the day the person receives the notice of revocation . . . .").  The Department scheduled her hearing for July 28, 2017.  It began, as scheduled, on that day before a hearing officer of the Department.  (We will refer to this hearing officer as "the original hearing officer.")

5

¶ 16 A bomb threat interrupted the July 28 hearing, forcing the parties to evacuate the building. For the entire week after the bomb threat, the original hearing officer called in sick to work. The week after that, the original hearing officer went on vacation. At some point while she was on vacation, the original hearing officer resigned her position with the Department.

¶ 17 The Department ultimately rescheduled the hearing for August 17, 2017, before a new hearing officer, Hearing Officer Stanley.

¶ 18 At the beginning of the August 17 hearing, Stanley noted the hearing was "outside of the 60-day timeline." Emmons objected, arguing that the Department lacked jurisdiction because the hearing had been scheduled more than sixty days after the Department received her request for a hearing and was not rescheduled at the earliest possible time when a hearing officer was available. *See* § 42-2-126(8)(a)(IV).

¶ 19 Stanley explained that the original hearing officer had called in sick before going on vacation and resigning. Thus, Stanley noted, there was no way to reschedule with the original hearing officer between the date of the bomb threat and the date when the officer resigned.

¶ 20    After this explanation, Stanley took Emmons' objection under advisement. She informed Emmons that she would research the issue and would dismiss the matter if she found Emmons' objection "valid and justified." Then she directed the parties to proceed with the hearing.

¶ 21    Emmons' counsel objected once more. Stanley said she understood the objection, but reiterated that the hearing was "scheduled outside of the 60 days due to the [original] Hearing Officer unavailability [sic] which would include not being able to continue the hearing on [the day of the bomb threat], the [original] Hearing Officer calling in sick, and then the [original] Hearing Officer being on vacation."

¶ 22    Neither Stanley nor Emmons' counsel commented again on the timeliness issue during the hearing.

¶ 23    After the hearing, Stanley issued an order revoking Emmons' license. The revocation order contained the following findings of fact:

- "[Emmons] requested a hearing on May 30, 2017. The hearing was originally conducted on July 28, 2017, within 60 days of the written request."

- "Due to an unexpected evacuation of the premises, the hearing needed to be rescheduled to August 17, 2017, pursuant to C.R.S. § 42-2-126(8)(a)."

It contained the following conclusion of law:

- "The Hearing Officer had jurisdiction to hear this matter as there is an Express Consent revocation pending and the hearing was conducted within the 60 day timeframe of the request for hearing."

Emmons challenges this conclusion and contends that the Department lacked jurisdiction.

¶ 24    We begin our analysis of Emmons' contention by outlining the statutory timeframe in which the Department must schedule a driver's license revocation hearing.

   B.    Statutory Timeframe for Scheduling a Revocation Hearing

¶ 25    Within seven days of receiving a notice of revocation, a licensee may make a written request for a hearing reviewing the Department's revocation. § 42-2-126(7)(a).  Section 42-2-126(8)(a) provides:

> The hearing shall be scheduled to be held as quickly as practicable but not more than sixty days after the date the department receives the

request for a hearing; except that, if a hearing is rescheduled because of the unavailability of a law enforcement officer or the hearing officer in accordance with subsection 8(a)(III) or (8)(a)(IV) of this section, the hearing may be rescheduled more than sixty days after the date the department receives the request for the hearing . . . .

¶ 26    In summary, the statute requires the Department to hold the hearing within sixty days of receiving a licensee's request, unless certain exceptions under subsections (8)(a)(III) and (8)(a)(IV) apply. The exception relevant here is as follows:

> If a hearing officer cannot appear at an original or rescheduled hearing because of medical reasons, a law enforcement emergency, another court or administrative hearing, or any other legitimate, just cause, the hearing officer or the department may reschedule the hearing at the earliest possible time when the law enforcement officer and the hearing officer will be available.

§ 42-2-126(8)(a)(IV).

¶ 27    Emmons contends the Department lacked jurisdiction because it failed to comply with the time limit of section 42-2-126(8)(a). Thus, to address her contention, we must first determine whether section 42-2-126(8)(a) is jurisdictional.

## C.    Jurisdiction

¶ 28     Unlike district courts, which have "general jurisdiction," Colo. Const. art. VI, § 9, the power of administrative agencies extends only so far as "the authority conferred on them by statute," *Flavell v. Dep't of Welfare*, 144 Colo. 203, 206, 355 P.2d 941, 943 (Colo. 1960) (citation omitted); *see also* § 24-4-106(7)(b)(IV), C.R.S. 2019 (providing that a reviewing court shall set aside an administrative agency action that exceeds the agency's statutory jurisdiction); *Colo. Div. of Emp't & Training, Dep't of Labor & Emp't v. Indus. Comm'n*, 665 P.2d 631, 633 (Colo. App. 1983) (noting that administrative agencies' jurisdiction is "determined and limited by the statutes by which they are created").

¶ 29     Divisions of this court have held that the time limit in section 42-2-126(8) (and its predecessors) is jurisdictional. *See Tate v. Colo. Dep't of Revenue*, 155 P.3d 643, 645 (Colo. App. 2007); *Guynn v. State*, 939 P.2d 526, 529 (Colo. App. 1997); *Wilson v. Hill*, 782 P.2d 874, 875 (Colo. App. 1989).

¶ 30     We agree with these divisions. The plain language of the statute sets forth the scope of the Department's jurisdiction to conduct a revocation hearing: "The hearing *shall* be scheduled to be held as quickly as practicable but *not more* than sixty days after the

10

date the department receives the request for a hearing . . . ." § 42-2-126(8)(a)(I) (emphasis added).

¶ 31     Thus, we conclude that the time limit of section 42-2-126(8) is jurisdictional.

### D. Analysis

¶ 32     Having concluded that the time limit of section 42-2-126(8) is jurisdictional, we review de novo whether the Department had jurisdiction in this matter. *See Hawes v. Colo. Div. of Ins.*, 65 P.3d 1008, 1015 (Colo. 2003) ("[A]n agency's determination of its own jurisdiction is subject to de novo review by a court."). If we find that the Department acted without jurisdiction, we must reverse the district court judgment affirming its revocation order. § 24-4-106(7)(b)(IV); *see Wilson*, 782 P.2d at 875; *see also Guynn*, 939 P.2d at 529.

¶ 33     Emmons contends that the Department lacked jurisdiction to revoke her license because (1) her hearing took place more than sixty days after she filed her request for a hearing and (2) there is no record evidence that the Department rescheduled her hearing for the "earliest possible time" when Hearing Officer Stanley and Officer Warren were available. *See* § 42-2-126(8)(a)(IV).

11

¶ 34    The Department counters that Emmons (1) did not preserve her jurisdictional argument and (2) has presented no evidence that the hearing did not take place at the "earliest possible time" a hearing officer became available. *Id.*

### 1.    Preservation

¶ 35    Even if Emmons had not preserved her jurisdictional argument, "[i]ssues concerning subject-matter jurisdiction may be raised at any time." *Medina v. State*, 35 P.3d 443, 452 (Colo. 2001). In any event, we conclude that Emmons preserved this issue. At the beginning of the August 17 hearing, Emmons' counsel objected, citing section 42-2-126(8)(a)(IV). He argued that the hearing was "outside of the 60 days" and that, to his knowledge, it "was not rescheduled at the earliest possible times [sic] that the Hearing Officer would be available concerning this particular case." He noted that his objection was a "jurisdictional argument." In so objecting, he preserved the issue.

¶ 36    Notwithstanding this objection, the Department seems to argue Emmons waived her jurisdictional argument. The Department points to a minute order in the record indicating that the August 17 hearing date was "cleared" with Emmons' counsel.

We do not agree that this notation in the record even suggests an earlier date was not acceptable to counsel, much less that counsel waived the objection to jurisdiction. Moreover, challenges to the Department's jurisdiction can be raised at any time. *Cf. Medina*, 35 P.3d at 452.

¶ 37 We now turn to the merits of Emmons' argument.

### 2. Legitimate, Just Cause to Reschedule

¶ 38 We conclude that the bomb threat and the original hearing officer's calling in sick, taking vacation, and resigning mid-vacation qualify as "legitimate, just" cause for rescheduling the hearing. § 42-2-126(8)(a)(IV). Thus, the statute allowed the "hearing officer or the department" to "reschedule the hearing at the earliest possible time when the law enforcement officer and the hearing officer will be available." *Id.* We next discuss whether they met the earliest possible time requirement.

### 3. Earliest Possible Time

¶ 39 The parties seem to agree that there is no evidence in the record that August 17, 2017, was the "earliest possible time" when the hearing officer and Officer Warren were available. However,

they disagree about who has the burden to show the hearing was rescheduled for the earliest possible time.

¶ 40    The Department contends that Emmons "did not present any evidence that the August 17, 2017 hearing date was *not* the earliest possible time when a hearing officer was available." (Emphasis added.) Emmons responds that no authority indicates that it is her "burden of proof" to show the Department had jurisdiction.

¶ 41    Thus, we must decide who has the burden to show the Department complied (or did not comply) with section 42-2-126(8)(a)'s jurisdictional requirements.

¶ 42    The text of the statute does not offer guidance on this question. Nonetheless, because the power of administrative agencies extends only so far as "the authority conferred on them by statute," we conclude that the Department has the burden to show that it has jurisdiction. *Flavell*, 144 Colo. at 206, 355 P.2d at 943 (citation omitted); *see also* § 24-4-106(7)(b)(IV) (providing that a reviewing court shall set aside an administrative agency action that exceeds the agency's statutory jurisdiction).

¶ 43    We find no record evidence that the hearing was rescheduled for the earliest possible date. Although Hearing Officer Stanley

explained the delays in scheduling a hearing were due to the bomb threat, the original hearing officer calling in sick, and the original hearing officer resigning, these explanations show there was "legitimate, just" cause for rescheduling the hearing, not that August 17 was the earliest possible time when a hearing officer was available.

¶ 44 Neither Stanley nor anyone else in the Department provided any evidence that August 17 was the "earliest possible time when" a hearing officer was available. *See* § 42-2-126(8)(a)(IV). For example, there is no evidence as to why the Department could not have rescheduled with a different hearing officer during the two weeks the original hearing officer was absent. Nor did the Department provide any explanation why it could not have rescheduled on August 14, 15, or 16, 2017 — after it knew about the original hearing officer's resignation.

¶ 45 Once sixty days had passed from the time the Department received Emmons' request for a hearing, the plain language of the statute allowed the Department to reschedule only at "the earliest possible time" a hearing officer was available. § 42-2-126(8)(a)(IV).

15

¶ 46    Because we can find no record evidence that August 17, 2017, was the earliest possible time when a hearing officer was available, we conclude the Department lacked jurisdiction. We therefore reverse the district court's judgment affirming the revocation of Emmons' license. Accordingly, we do not reach Emmons' other contentions.

## IV.    Conclusion

¶ 47    The judgment is reversed.

JUDGE NAVARRO and JUDGE ROTHENBERG concur.