2015 COA 70

**Steffan TUBBS, Plaintiff–Appellant,**

**v.**

**FARMERS INSURANCE EXCHANGE, Defendant–Appellee.**

**Court of Appeals No. 14CA0782**

Colorado Court of Appeals, Div. V.

Announced May 21, 2015

Boulder County District Court No. 12CV30342, Honorable Andrew Hartman, Judge.

Bachus & Schanker, LLC, J. Kyle Bachus, Denver, Colorado, for Plaintiff–Appellant.

Hunter & Associates, Lisa M. Hungerford, Denver, Colorado, for Defendant–Appellee.

Opinion by JUDGE ASHBY

¶ 1 Plaintiff, Steffan Tubbs, appeals the district court's summary judgment in favor of defendant, Farmers Insurance Exchange (Farmers). We conclude that the plain language of Colorado's uninsured/underinsured motorist (UIM) statute, section 10–4609(1)(c), C.R.S. 2014, prevents a UIM policy from requiring that the insured party actually collect the maximum amount possible from the tortfeasor's liability policy before triggering the insured's own UIM coverage. Therefore, we reverse and remand.

## I. Background

¶ 2 Tubbs was involved in a car accident in California with another driver. The accident was the other driver's fault and Tubbs suffered damages. The other driver's auto insurance had a $100,000 liability limit. Tubbs was insured by Farmers, and his policy included UIM coverage with a limit of $500,000. The UIM provision contains an exhaustion clause that provides, "[Farmers] will pay under [the UIM] coverage only after the limits of all [the liable party's] liability bonds or policies have been exhausted by the payment of settlements or judgments."

¶ 3 Tubbs accepted a $30,000 settlement from the other driver. He then sought to recover under his Farmers policy's UIM provision, claiming that his total damages exceeded $100,000. Farmers refused to pay benefits because Tubbs did not meet the requirements of the UIM exhaustion clause.[1] Tubbs then filed this action.

¶ 4 As relevant here, Farmers moved for summary judgment, arguing that pursuant to *Jordan v. Safeco Insurance Company of America, Inc.*, 2013 COA 47, 348 P.3d 443, the exhaustion clause is enforceable, and Tubbs was therefore required to collect the full amount possible under the other driver's liability limit ($100,000) before Farmers was required to pay under the UIM provision. According to Farmers, because Tubbs settled for only $30,000, the UIM benefits were not triggered. The district court agreed and entered summary judgment for Farmers.

## II. Preservation

¶ 5 On appeal, Tubbs argues that the exhaustion clause in the UIM policy is void and unenforceable because it (1) violates section 10–4–609(1)(c) or, alternatively, (2) it dilutes, limits, or conditions insurance coverage mandated by section 10–4–609(1)(c). Farmers responds that although Tubbs preserved the argument that the exhaustion clause is void because it violates the statute,

---

1. Tubbs does not seek to recover from Farmers the $70,000 difference between the $30,000 settlement and the other driver's $100,000 policy limit.

he did not preserve the argument that the clause is void because it dilutes, limits, or conditions coverage mandated by the statute. We disagree.

¶ 6 In his response opposing summary judgment Tubbs argued to the district court that "[u]nder Colorado law, an insured is not required to exhaust all underlying coverage as a condition precedent to making a claim for UIM benefits." The district court entered summary judgment based on its interpretation of the *Jordan* division's analysis of section 10–4–609(1)(c). In doing so, the district court specifically concluded that as a matter of law the insurance contract could condition Tubbs's right to recovery under the UIM provision on his receipt of the full liability limit of the other driver's policy, and that such a condition is consistent with section 10–4–609(1)(c). Therefore, Tubbs's arguments are preserved and we will address them. *See Berra v. Springer & Steinberg, P.C.,* 251 P.3d 567, 570 (Colo. App. 2010) ("[T]o preserve the issue for appeal all that was needed was that the issue be brought to the attention of the trial court and that the court be given an opportunity to rule on it.").

### III. Farmers Not Entitled to Summary Judgment

¶ 7 We review a district court's grant of summary judgment de novo. *See ISG, LLC v. Ark. Valley Ditch Ass'n,* 120 P.3d 724, 730 (Colo. 2005). We will affirm a grant of summary judgment if, when viewing all the facts in the light most favorable to the nonmoving party, there are no disputed material facts and the moving party is entitled to judgment as a matter of law. *See Natural Energy Res. Co. v. Upper Gunnison River Water Conservancy Dist.,* 142 P.3d 1265, 1276 (Colo. 2006).

¶ 8 "[E]ven if a[n insurance] policy provision is unambiguous and negates coverage by its clear terms, it may nevertheless be rendered void and unenforceable if it violates public policy by attempting to dilute, condition, or limit coverage mandated by the uninsured motorist statute." *Farmers Ins. Exch. v. Anderson,* 260 P.3d 68, 75 (Colo. App. 2010).

¶ 9 Section 10–4–609(1)(c), the UIM statute, provides in pertinent part:

[UIM coverage] shall be in addition to any legal liability coverage and shall cover the difference, if any, between the amount of the limits of any legal liability coverage and the amount of the damages sustained ... up to the maximum amount of the coverage obtained pursuant to this section.

¶ 10 The plain and ordinary meaning of the statutory language requires that UIM policies cover the difference between the damages the insured party suffered and the limit of any liable party's legal liability coverage, regardless of whether the insured party's recovery from the liable party exhausted that limit. *See Vignola v. Gilman,* No. 2:10–CV–02099–PMP, 2013 WL 495504, at *13 (D.Nev. Feb. 8, 2013) (For purposes of triggering UIM coverage, "it is irrelevant whether and in what amount the insured recovers from the underinsured motorist" based on the plain and unambiguous language of section 10–4–609(1)(c).); *Young v. Brighton School Dist. 27J,* 2014 CO 32, ¶ 11, 325 P.3d 571 (when interpreting a statute, courts aim to ascertain and give effect to the legislature's intent; if the plain language of the statute demonstrates a clear legislative intent, courts look no further). Moreover, by using the word "shall," the General Assembly made this coverage mandatory. *See DiMarco v. Dep't of Revenue,* 857 P.2d 1349, 1352 (Colo. App. 1993) ("[T]he word 'shall' generally indicates that the General Assembly intended the provision to be mandatory.").

¶ 11 As applied to the facts of this case, section 10–4–609(1)(c) requires that Farmers cover Tubbs for damages he sustained in excess of $100,000 (the other driver's legal liability limit), in an amount up to $500,000 (the limit of Tubbs's UIM coverage), regardless of how much, if any, he actually recovered under the other driver's legal liability coverage. Even though the statute mandates such coverage, the exhaustion clause in Tubbs's UIM provision purports to condition UIM coverage on Tubbs actually recovering the maximum amount under the other driver's legal liability coverage. Because the exhaustion clause imposes a condition precedent on coverage mandated by the statute,

the clause is void and unenforceable. *See Farmers*, 260 P.3d at 75.

¶ 12 We note that this conclusion is consistent with those of many states' courts that have interpreted their own substantially similar statutes. *See Hill v. Am. Family Mut. Ins. Co.*, 150 Idaho 619, 249 P.3d 812, 818 (2011) (collecting cases that hold that exhaustion clauses are unenforceable as against public policy). Generally, the states that have found exhaustion clauses in insurance contracts to be enforceable have done so because the statute specifically allowed or required UIM coverage to be conditioned on exhaustion of the liable party's liability limit. *See id.* at 818 n.5. Colorado's UIM statute contains no such allowance or requirement.

¶ 13 Farmers's reliance on *Jordan* for the proposition that the exhaustion clause is enforceable is misplaced. In *Jordan*, the plaintiff had a similar UIM policy and exhaustion clause, and similarly settled with the liable driver for less than the driver's legal liability limit. *See Jordan*, ¶¶ 3, 10–11. The plaintiff argued that he met the requirements of the exhaustion clause because, under section 10–4–609(1)(c), a good-faith settlement for less than the liable driver's legal liability limit necessarily exhausted that limit and triggered his own UIM coverage. *Id.* at ¶ 21. However, the parties in *Jordan* also stipulated that the plaintiff's damages were less than the liable driver's legal liability limit. *Id.* at ¶ 5.

¶ 14 The division held that, pursuant to section 10–4–609(1)(c), UIM policies do not cover damages up to the liable party's legal liability limit, and instead cover only damages in excess of that limit. *Id.* at ¶ 30. Consequently, the *Jordan* division had no reason to, and did not, address whether the exhaustion clause was enforceable. Indeed, the division stated that it did "not decide whether an insured must actually exhaust the limit of the tortfeasor's liability policy before being entitled to any UIM coverage." *Id.* at ¶ 32 n.6. Instead, the parties' stipulation that the plaintiff's damages did not exceed the liable driver's liability limit precluded any UIM coverage, regardless of whether the exhaustion clause was enforceable. *Id.* at ¶ 30.

¶ 15 Unlike the plaintiff in *Jordan*, Tubbs claims damages in excess of $100,000. This claim compels us to reach the question that the *Jordan* division did not. In doing so, we conclude that the plain language of section 10–4–609(1)(c) renders any "actual exhaustion" requirement in a UIM policy void and unenforceable.

¶ 16 Farmers also argues that rendering the exhaustion clause void and unenforceable unfairly benefits the insured and the liable party's insurer by allowing that insurer to offer, and the insured to accept, a minimal settlement and then require the UIM insurer to cover the majority of the damages suffered. According to Farmers, this allows the insured "absolute and arbitrary discretion to determine how payment should be apportioned between his own insurance company and the tortfeasor's liability carrier." But, as explained above, whether the insured recovers the full amount or nothing at all from the liable party's insurer has no impact on the UIM insurer's obligation to pay benefits. Regardless of what amount, if any, the insured receives from the liable party, the UIM insurer is only required to pay for damages in excess of the tortfeasor's legal liability coverage limit. This is precisely the coverage that the UIM insurer agreed to provide in exchange for a premium.

¶ 17 Moreover, even if we agreed with Farmers that rendering the exhaustion clause unenforceable was unfair, the plain language that the legislature chose renders the exhaustion clause unenforceable. And when the plain language of a statute clearly evinces the legislature's intent, we must give effect to that intent. *See Young*, ¶ 11.

¶ 18 Based on our conclusion that summary judgment was inappropriate because the exhaustion clause is void and unenforceable, we need not address Tubbs's argument that the exhaustion clause is ambiguous.

## IV. Conclusion

¶ 19 The summary judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

JUDGE ROMÁN and JUDGE

MÁRQUEZ * concur.